J-S39037-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,     :     IN THE SUPERIOR COURT OF
                                   :            PENNSYLVANIA

             Appellee              :

                                     :

                  v.                      :

                                     :

JOSEPH J. TAYLOR,                   :

                                     :

             Appellant             :           No. 303 EDA 2015

Appeal from the PCRA Order entered on December 8, 2014
in the Court of Common Pleas of Chester County,
Criminal Division, No(s):  CP-15-CR-0001369-1997;
CP-15-CR-0003165-2001

BEFORE:  BOWES, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:              **FILED JULY 08, 2015**

Joseph J. Taylor ("Taylor") appeals, *pro se*, from the Order dismissing his third Petition for relief pursuant to the Post Conviction Relief Act ("PCRA").  ***See*** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On May 18, 1998, Taylor plead guilty to criminal attempt (homicide) for shooting Ironne Cannon ("Cannon").  The trial court sentenced Taylor to an aggregate prison term of fifteen to thirty years.  Subsequently, Cannon died from injuries directly related to the shooting.  After Cannon's death, Taylor was charged with, *inter alia*, first-degree murder.  On November 20, 2003, a jury found Taylor guilty of first-degree murder for the death of Cannon.  The trial court sentenced Taylor to life in prison.  This Court affirmed the judgment of sentence on January 14, 2005, and the Supreme Court of Pennsylvania denied allowance of appeal on November 30, 2005.

***See Commonwealth v. Taylor***, 872 A.2d 1275 (Pa. Super. 2005) (unpublished memorandum), *appeal denied*, 889 A.2d 1216 (Pa. 2005).

On December 15, 2005, Taylor filed a *pro se* PCRA Petition. The PCRA court appointed Taylor counsel, who subsequently filed a Petition to withdraw as counsel pursuant to ***Turner/Finley***.[1] On September 22, 2006, the PCRA court granted counsel's Petition to withdraw, and denied Taylor's PCRA Petition. This Court affirmed the denial, after which our Supreme Court denied allowance of appeal. ***See Commonwealth v. Taylor***, 935 A.2d 24 (Pa. Super. 2007) (unpublished memorandum), *appeal denied*, 945 A.2d 170 (Pa. 2008). On May 22, 2012, Taylor filed his second *pro se* PCRA Petition. The PCRA court dismissed Taylor's PCRA Petition due to untimely filing. This Court affirmed the dismissal. ***See Commonwealth v. Taylor***, 87 A.3d 384 (Pa. Super. 2013) (unpublished memorandum).

On October 10, 2014, Taylor filed the instant *pro se* PCRA Petition, his third. After providing a Pa.R.Crim.P. 907 Notice, the PCRA court dismissed Taylor's third PCRA Petition as untimely filed. Taylor filed a timely Notice of Appeal.

On appeal, Taylor raises the following question for our review:

I. Was [Taylor's] Fourteenth Amendment procedural due process [and] equal protection under the law violated in the subsequent trial for criminal murder, under the joinder of offenses rule, due to the [trial] court['s] lack of subject-matter jurisdiction?

---

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

- 2 -

Brief for Appellant at iv (capitalization omitted).

"On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." **Commonwealth v. Nero**, 58 A.3d 802, 805 (Pa. Super. 2012).

Under the PCRA, a defendant must file any PCRA petition within one year of the date that the judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or the expiration of time for seeking review." **Id**. § 9545(b)(3).

Here, the trial court sentenced Taylor on November 20, 2003, and the Superior Court affirmed the judgment of sentence on January 14, 2005. The Pennsylvania Supreme Court denied allowance of appeal on November 30, 2005. Thus, Taylor's judgment of sentence became final on February 28, 2006. **See** 42 Pa.C.S.A. § 9545(b)(3); **see also** Pa.R.A.P. 903(a). Taylor had until February 28, 2007, to file a timely PCRA petition, or any subsequent PCRA petition. **See** 42 Pa.C.S.A. § 9545(b)(1). Therefore, Taylor's October 10, 2014 Petition is facially untimely under the PCRA.

However, Pennsylvania courts may consider an untimely PCRA petition if the appellant can explicitly plead and prove one of the three exceptions: (i) the failure to raise the claim was the result of government interference;

(ii) the facts of the new claim were unknown to the petitioner and could not have been discovered with due diligence; or (iii) the right asserted is a constitutional right recognized by the United States Supreme Court or the Pennsylvania Supreme Court after the time period provided in the section and has been held to apply retroactively. 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any PCRA petition invoking one of these exceptions shall be filed within sixty days of the date the claim could have been presented. ***Id***. § 9545(b)(2).

Here, Taylor claims that the prosecution against him for first-degree murder is barred because of his earlier conviction for criminal attempt (homicide). Brief for Appellant at 1. Taylor argues that his first-degree murder conviction was based on the same statutory provision as his criminal attempt murder conviction and is, therefore, barred by the constitutional protection against double jeopardy. ***Id***.

Taylor's double jeopardy claim does not invoke any of the exceptions at 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Moreover, this court addressed this claim on direct appeal and determined that it is without merit.[2] ***See*** 42 Pa.C.S.A. § 9543(a)(3) (providing that the petitioner must plead and prove that the issue was not previously litigated); ***see also Commonwealth v. Hutchins***, 760 A.2d 50, 55 (Pa. Super. 2000) (stating that previously litigated claims are not cognizable under the PCRA). Therefore, Taylor has failed to overcome the untimeliness of his Petition.

---

[2] ***See Taylor***, 872 A.2d 1275 (unpublished memorandum at 3).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2015