658 A.2d 390

COMMONWEALTH of Pennsylvania, Appellee,

v.

Thomas James ANDRZEJEWSKI, Appellant.

Superior Court of Pennsylvania.

Submitted Feb. 8, 1995.

Filed May 10, 1995.

Joseph P. Burt, Erie, for appellant.

Bradley H. Foulk, Asst. Dist. Atty., Erie, for Com. appellee.

Before CAVANAUGH, JOHNSON and SAYLOR, JJ.

CAVANAUGH, Judge:

Thomas James Andrzejewski appeals from judgment of sentence of concurrent 3 to 12 months incarceration followed by probation period on multiple counts of attempt to receive stolen property. His challenge is to the weight and sufficiency of the evidence as to the grading of his offense as a felony of the third degree which is thus defined:

18 Pa.C.S.A. § 3903(a.1)

**Felony of the third degree.**—Except as provided in subsection (a), theft constitutes a felony of the third degree if the amount involved exceeds $2,000, or if the property stolen is a firearm, automobile, airplane, motorcycle, motorboat or other motor-propelled vehicle, or in the case of theft by receiving stolen property, if the receiver is in the business of buying or selling stolen property.

Appellant's quarrel with his non-jury trial conviction is that there was a deficiency in the evidence as to the "in the business of buying or selling stolen goods" component of the F–3 grading of his conviction.

Our review of the evidence is conducted under accustomed standards: *Commonwealth v. Poindexter,* 435 Pa.Super. 509, 646 A.2d 1211 (1994) (sufficiency); *Commonwealth v. Pierce,* 537 Pa. 514, 645 A.2d 189 (weight).

The arrest grew out of a "sting" operation carried out by the vice unit of the Pennsylvania State Police in Erie. Troop-

er Ronald Morgan, acting in an undercover capacity, sought out persons who were trafficking in stolen property and in this role visited appellant's premises. Andrzejewski conducted a business known as A & B TV. At the time, Morgan wore a body wire so that the conversations were consensually recorded. He had three transactions with appellant at this same location.

On the first visit, Morgan had with him a TV in his car and advised appellant that he wanted to get rid of it and told him that it was "heating up" the trunk of his car. After Morgan offered to sell the TV (which he said had been obtained from K–Mart that morning) for $100, a deal was reached to sell it to appellant for $80. Appellant confirmed that he knew the TV was "hot". The $80 was retained and placed in evidence.

Morgan met again with Andrzejewski about a month later and again sold a TV to him for $80. Appellant said he sold the TV for $130 at a discount, since he had to tell the buyer not to send the warranty in (the value of the TV was stated to be $199.99). At this meeting, appellant inquired about the availability of cigarettes.

On a third visit, Morgan bought 12 cartons of cigarettes and some bottles of alcoholic beverages. The cigarettes were sold for $9 a carton. Appellant took 10 cartons of cigarettes and two bottles of liquor.[1] During this visit, Andrzejewski called various bars to inquire of their needs at the bar. The court heard the testimony and also listened to the tapes of the transactions between Morgan and Andrzejewski[2] and in its adjudicatory remarks found:

1. All these goods were either actually purchased by the police or obtained from confiscated material in the possession of Pennsylvania governmental agencies.

2. Neither the tapes nor transcriptions thereof have been furnished to us on appeal by way of original or reproduced record. Since we should have access to and review *all* of the evidence before the trial court, it is important that this material be furnished to us with the record on appeal in all such cases. In this case, however, since the Morgan testimony at trial disclosed in detail his recollection of the 3 transactions with appellant and since the court's adjudication relates to evidence clearly discernable from the testimonial transcripts before us, it is unnecessary to remand for completion of the record.

4

The court notes that there was certainly some evidence that the defendant either intended to sell the items in question after he received them, attempted to sell the items in question and/or was going to place conditions upon the sale of the items in question consistent with knowledge that the items were in fact stolen. The defendant indicated an intent to sell the televisions for a certain price above what he paid for them and above what they were worth in terms of retail value, that being $130 as to his intent, which is clearly elicited on the tape.

There was also an attempt on the tape to dispose of certain disposable items, particularly the cigarettes by a various number of calls to certain people and places in an attempt to dispose of particular brands.

There was also evidence of conditions that were to be attached to the sale of the televisions in that the warranty was not to be sent in, obviously evidencing knowledge that the items were stolen, believed to be stolen.

The court further opined:

His first meeting with the trooper, who he did not know, occurred at his home and it was for all intents and purposes with a stranger, wherein he bought a television for a ridiculously low price, which was obviously brand new, in which the trooper had obviously indicated clearly was stolen, and recently stolen. The incidents of that first meeting also gives credence to the fact the defendant was in the business of buying stolen property because at the conclusion of that meeting, the trooper asked him can I call you if I got anything else and the defendant's response was clearly give me a call any time.

The second meeting substantiates that conclusion that he was available to receive stolen goods on a regular basis and at the trooper's request. The second meeting involved and I quote "the same deal." According to the defendant, it involved a TV set once again and it further evolved to the point where the defendant indicated an interest in cigarettes, alcohol and a VCR. In fact, the defendant wanted the VCR for his own use, according to defense counsel, but

it is obvious he also wanted a stolen VCR for his own use and one that he knew he could obtain at a price commensurate therewith. Testimony of further incidents of the defendant's intent and knowledge is evidence in the third conversation where the defendant indicates that he sells the cigarettes, alcohol and other items to friends. That the trooper again call him any time, that he will get a loan from his MAC machine for buying the obviously stolen goods that the trooper is dealing in. There are numerous attempts on that occasion to make phone calls to dispose of the stolen items in question while the trooper is still present.

The trial court concluded that Andrzejewski "was engaged at least in the buying of stolen property as a business" and that appellant was guilty of criminal attempt as to all three counts.

The appellant relies upon *U.S. v. St. Cyr*, 977 F.2d 698 (1st Circuit 1992) as a precedent for a restrictive reading of the "in the business of" requirement for enhanced grading of the offense. We find this non-binding precedent inappropriate to the Pennsylvania statute under scrutiny. The court of appeals decision was interpreting federal sentencing law (U.S.S.G. § 2B1.2(b)(4)(A)) and chose to define the business provision in a restrictive manner which would require regularity of dealings and a level of sophistication consistent with an organized fencing enterprise. There is no reason why we should interpret the Pennsylvania grading statute with such a heightened standard to constitute being in the business of buying or selling stolen property. We agree with the trial court that the three transactions in this case, which showed appellant's familiar inclination to purchase illegally obtained merchandise for purposes of resale at a profit, together with his predisposition and even eagerness to obtain more such goods, are sufficient evidence to support a finding that Andrzejewski engaged in "the business" of buying and selling stolen property. We can perceive of no basis for a requirement that the illicit practice must be shown to be tantamount to a full-time undertaking.

Having agreed with the evidentiary sufficiency of the evidence and its rationality, we further conclude that the verdict is not against the weight of the evidence.

Judgment of sentence affirmed.