COMMONWEALTH of Pennsylvania, Appellee

v.

Rory David NERO, Jr., Appellant.

Superior Court of Pennsylvania.

Submitted Oct. 22, 2012.

Filed Dec. 11, 2012.

William J. Hathaway, Erie, for appellant.

Michael E. Burns, Assistant District Attorney, Erie, for Commonwealth, appellee.

BEFORE: STEVENS, P.J., FORD ELLIOTT, P.J.E., and MUNDY, J.

OPINION BY MUNDY, J.:

Appellant, Rory David Nero, Jr., appeals from the March 28, 2012 order denying relief on his two remanded issues raised in his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541–9546. After careful review, we affirm.

We previously summarized the factual and procedural background of this case as follows.

> Appellant was arrested and charged with various offenses based on his participation in a "chop shop" operation. Specifically, Appellant would purchase "donor" vehicles and deliver them to a business owned by Thomas Black, Appellant's co-defendant, called BK Performance. Appellant would then obtain stolen vehicles and likewise deliver them to Black's business. Parts from the donor vehicles (*i.e.* ignition switches and windows) would then be removed and swapped with broken parts on the stolen vehicles that were damaged during the illegal acquisition of those cars. Additionally, Appellant participated in removing VIN numbers and federal identification tags from the legally acquired donor vehicles and placing them on the stolen cars. Appellant then sold the stolen vehicles at automobile auctions.

> Based on this conduct, Appellant was charged and convicted, following a jury trial, of one count of owning, operating or conducting a chop shop (Count 1); four counts of owning, operating or conducting a chop shop—illegally obtained/altered property (Counts 3, 7, 8, 9); one count of criminal conspiracy to own a chop shop (Count 10); four counts of receiving stolen property (Counts 12, 13, 16, 17), and four counts of theft by deception (Counts 20, 21, 22, 23). On September 22, 2008, [Appellant] was sentenced to an aggregate term of 64 to 124 months' incarceration. [Appellant] filed a direct appeal challenging the weight and sufficiency of the evidence, as well as a portion of the court's jury instructions. On July 7, 2009, this Court affirmed Appellant's judgment of sentence. *Commonwealth v. Nero*, 981 A.2d 929 (Pa.Super.2009) (unpublished memorandum). Appellant did not petition for permission to appeal to our Supreme Court.

> On June 1, 2010, Appellant filed a timely petition for post-conviction relief. Counsel was appointed and an amended petition was filed on Appellant's behalf. However, on September 7, 2010, the PCRA court denied Appellant's petition without a hearing.

*Commonwealth v. Nero*, 43 A.3d 523 (Pa.Super.2012) (unpublished memorandum at 1–3) (footnote omitted) (*Nero III* ).

Appellant filed a timely appeal from the September 7, 2010 order. On appeal, this Court vacated the September 7, 2010 order and remanded for new counsel due to counsel's conflict of interest as raised by Appellant. *Commonwealth v. Nero*, 26 A.3d 1192 (Pa.Super.2011) (unpublished judgment order). After remand, new counsel was appointed, who filed an amended PCRA petition on April 25, 2011.

After proper notice, the PCRA court dismissed Appellant's amended PCRA petition without a hearing on June 6, 2011.

■ Appellant again filed a timely notice of appeal raising a number of issues. On appeal, we held that Appellant had properly pled two issues of arguable merit, a potential *Brady*[1] violation and the legality of his sentence, raising legitimate factual issues. *Nero III, supra* at \*4–9. Accordingly, on January 19, 2012, we vacated the PCRA court's order dismissing Appellant's PCRA petition and remanded for a hearing. *Id.* at \*13. The PCRA court complied, conducting an evidentiary hearing on February 29, 2012 on Appellant's *Brady* issue, and taking the legality of sentence issue under advisement. By order filed March 28, 2012, the PCRA court dismissed Appellant's amended PCRA petition. Appellant filed a timely notice of appeal on April 20, 2012.[2]

On appeal, Appellant poses the following questions for our consideration.[3]

 A. Whether the sentencing court erred in failing to merge several of the criminal counts for purposes of sentencing resulting in an illegal sentence?

 B. Whether the [C]ommonwealth committed a *Brady* violation as to failure to disclose predispostion [sic] to favorable treatment of codefendant in exchange for his testimony?

Appellant's Brief at 3.

■ We begin by noting the following standard of review, guiding our consideration of this appeal. "On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." *Commonwealth v. Calhoun,* 52 A.3d 281, 284 (Pa.Super.2012) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Garcia,* 23 A.3d 1059, 1061 (Pa.Super.2011) (internal quotation marks and citation omitted), *appeal denied,* —— Pa. ——, 38 A.3d 823 (2012). "The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review." *Commonwealth v. Johnson,* 600 Pa. 329, 966 A.2d 523, 532 (2009) (internal quotation marks and citations omitted).

---

**1.** *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

**2.** On April 27, 2012, Appellant filed for appointment of new counsel due to "the fact that current counsel is being challenged to his effectiveness on appeal." Appellant's Application to Remove Present Counsel and Appoint New Counsel, 4/27/12, at 1 ¶ 3. In response, counsel filed petition for leave to withdraw on May 2, 2012. The PCRA court entered an order on May 3, 2012, directing that counsel's petition be transferred to this Court for consideration and disposition. There is no provision authorizing the transfer of a petition filed before a trial court for disposition by the Superior Court. Rather the trial court may dismiss the petition without prejudice to refile with this Court. Appellant's counsel has not so filed. In its order,

the PCRA court, citing *Commonwealth v. Jette,* 611 Pa. 166, 23 A.3d 1032 (2011) and *Commonwealth v. Grant,* 572 Pa. 48, 813 A.2d 726 (2002), also noted "any ineffectiveness claims regarding [PCRA counsel's] representation of [A]ppellant should be raised in a subsequent [PCRA] petition if [A]ppellant does not prevail in this appeal." PCRA Court Order, 5/3/12, at 1. Thus, even if counsel's petition to withdraw was before us, we would deny for the reasons stated by the PCRA court.

**3.** The PCRA court did not require Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The PCRA court filed a statement pursuant to Rule 1925(a) referencing its March 28, 2012 opinion as containing the reasons for its decision.

■ In his first issue, Appellant avers the trial court imposed an illegal sentence when it failed to merge the receiving stolen property charges with the counts charging violation of subsection (2) of owning, operating or conducting a chop shop (owning, operating or conducting a chop shop-illegally obtained/altered property) for purposes of sentencing. Appellant's Brief at 6. Appellant claims that his four counts of receiving stolen property were lesser-included offenses relative to his four corresponding counts of owning, operating or conducting a chop shop-illegally obtained/altered property. *Id.* Appellant argues that the elements required to prove a charge of receiving stolen property are subsumed in the elements required to prove a charge of owning, operating or conducting a chop shop-illegally obtained/altered property. *Id.* The PCRA court disagreed, holding "[a]lthough one may operate a chop shop by dealing in stolen vehicles and or stolen motor vehicle parts, the elements of the two crimes are different and the offenses do not merge." PCRA Court Opinion, 3/28/12, at 6.

■ "A claim that crimes should have merged for sentencing purposes raises a challenge to the legality of the sentence. Therefore, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Quintua,* 56 A.3d 399, 400 (Pa.Super.2012) (citation omitted). "An illegal sentence must be vacated. In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law." *Commonwealth v. Poland,* 26 A.3d 518, 523 (Pa.Super.2011) (citation omitted), *ap-*

*peal denied,* —— Pa. ——, 37 A.3d 1195 (2012).

Our legislature has defined the circumstances under which convictions for separate crimes may merge for the purpose of sentencing.

## § 9765. Merger of sentences

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765.[4]

■ Our Supreme Court determined that

the plain language of Section 9765 reveals a legislative intent "to preclude the courts of this Commonwealth from merging sentences for two offenses that are based on a single criminal act unless all of the statutory elements of one of the offenses are included in the statutory elements of the other." ... [Our Supreme Court] held that when each offense contains an element the other does not, merger is inappropriate.

*Quintua, supra* at 401, *quoting Commonwealth v. Baldwin,* 604 Pa. 34, 985 A.2d 830, 837 (2009). In essence, "[o]ur merger statute merely codified the adoption by the [*Commonwealth v. Tarver,* 493 Pa. 320, 426 A.2d 569 (1981) ]/[*Commonwealth v. Anderson,* 538 Pa. 574, 650 A.2d 20 (1994) ]

---

4. The parties and the PCRA court do not dispute that the charges of receiving stolen property at counts 3, 7, 8, and 9 and the corresponding charges of owning, operating or conducting a chop shop-illegally obtained/altered property at counts 16, 12, 13,

and 17 respectively arose from single criminal acts. *See Commonwealth v. Pettersen,* 49 A.3d 903, 912 (Pa.Super.2012) (setting forth the analysis for determining if crimes stem from a single act for merger purposes).

decisions of the *Blockburger*[5] test and upholds the long-standing merger doctrine relative to greater and lesser-included offenses." *Commonwealth v. Wade,* 33 A.3d 108, 120 (Pa.Super.2011), appeal denied, —— Pa. ——, 51 A.3d 839 (2012).

To determine whether offenses are greater and lesser-included offenses, we compare the elements of the offenses. If the elements of the lesser offense are all included within the elements of the greater offense and the greater offense has at least one additional element, which is different, then the sentences merge. *Commonwealth v. Anderson,* 538 Pa. 574, 650 A.2d 20, 24 (1994). If both crimes require proof of at least one element that the other does not, then the sentences do not merge. *Id.*

*Commonwealth v. Johnson,* 874 A.2d 66, 70–71 (Pa.Super.2005), *appeal denied,* 587 Pa. 720, 899 A.2d 1122 (2006).[6]

■ With these principles in mind, we proceed to examine the respective elements of both statutes to determine if each requires proof of an element not required by the other. The statute defining the crime of receiving stolen property provides as follows.

### § 3925. Receiving stolen property

**(a) Offense defined.**—A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner.

**(b) Definition.**—As used in this section the word "receiving" means acquiring possession, control or title, or lending on the security of the property.

18 Pa.C.S.A. § 3925.

The elements of receiving stolen property may be stated as: (1) intentionally acquiring possession, control or title, retaining, disposing, or lending on the security of movable property of another; (2) with knowledge or belief that it was probably stolen; and (3) intent to deprive permanently.

*Commonwealth v. Young,* 35 A.3d 54, 63 (Pa.Super.2011) (citations omitted), *appeal denied,* —— Pa. ——, 48 A.3d 1249 (2012).

■ The crime of owning, operating or conducting a chop shop-illegally obtained/altered property, as charged in this case, is set forth by statute in pertinent part as follows.

### § 1.3. Owning, operating or conducting a chop shop; penalty

Any person who knowingly:

. . .

(2) transports, sells, transfers, purchases or receives any motor vehicle or motor vehicle part that was illegally obtained either to or from a chop shop commits a felony of the second degree and, upon conviction, shall be sentenced to imprisonment for not more than ten years or a fine of not more than $100,000, or both.

18 P.S. § 1.3(2)[7] We note that there are no published appellate court decisions in this

---

**5.** *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

**6.** This Court has recently upheld section 9765 against a state constitutional challenge on double jeopardy grounds.

[H]aving reviewed the federal and state [double jeopardy] clauses, as well as pertinent Pennsylvania and federal authority, we find no evidence to suggest that Article 1,

§ 10 prohibits the legislature from defining merger in a purely elemental fashion. [T]he merger statute does not violate double jeopardy. . . .

*Wade, supra* at 121.

**7.** Appellant does not argue that the charges of receiving stolen property should merge with the charge at count one of owning, conduct-

Commonwealth that address the elements of the chop shop statute. The statutory elements, however, are clear and not disputed by the parties. Those elements may be stated as 1) transporting, transferring or receiving any motor vehicle or motor vehicle part, 2) knowing that the vehicle or part was illegally obtained, 3) to or from a chop shop.[8]

Comparing these elements of proof with the elements required to prove receiving stolen property, it is apparent they bear much in common. Proof that a defendant transported, transferred or received a motor vehicle or motor vehicle part knowing it was illegally obtained necessarily proves that defendant acquired possession, control or title of moveable property of another knowing or believing it was stolen.[9] The offense of owning, operating or conducting a chop shop-illegally obtained/altered property has the additional element of the involvement of a chop shop, which is not an element of receiving stolen property.

As noted by the PCRA court, however, the *mens rea* requirement underlying each offense is different. PCRA Court Opinion, 3/28/12, at 5. Receiving stolen property requires proof that the act of "receiving" be intentional. 18 Pa.C.S.A. § 3925(a). Owning, operating or conducting a chop shop-illegally obtained/altered property merely requires proof that the act of "re-

ceiving" be knowing. 18 P.S. § 1.3. These levels of culpability are defined by statute.

### § 302. General requirements of culpability

. . .

**(b) Kinds of culpability defined.—**

(1) A person acts intentionally with respect to a material element of an offense when:

(i) if the element involves the nature of his conduct or a result thereof, it is his conscious object to engage in conduct of that nature or to cause such a result; and

(ii) if the element involves the attendant circumstances, he is aware of the existence of such circumstances or he believes or hopes that they exist.

(2) A person acts knowingly with respect to a material element of an offense when:

(i) if the element involves the nature of his conduct or the attendant circumstances, he is aware that his conduct is of that nature or that such circumstances exist; and

(ii) if the element involves a result of his conduct, he is aware that it is practically certain that his conduct will cause such a result.

---

ing, or operating a chop shop under 18 P.S. § 1.3(1).

8. Chop shop is defined as follows.
"**Chop shop.**" Any building, lot or other premises where one or more persons engage in altering, destroying, disassembling, dismantling, reassembling, storing or possessing any motor vehicle or motor vehicle part known to be illegally obtained by theft, fraud or conspiracy to defraud in order to either:
(1) alter, counterfeit, deface, destroy, disguise, falsify, forge, obliterate or remove the identification, including the vehicle identification number of the motor vehicle or mo-

tor vehicle part, in order to misrepresent the identity of the motor vehicle or motor vehicle part or to prevent the identification of the motor vehicle or motor vehicle part; or (2) sell or dispose of the motor vehicle or motor vehicle part.
18 P.S. § 1.2.

9. We discern no distinction in the contexts of these charges between the term "stolen" and "illegally obtained." *See Commonwealth v. Andrzejewski*, 442 Pa.Super. 1, 658 A.2d 390, 392 (1995) (employing the terms equivalently in discussion of grading of receiving stolen property charge).

. . .

18 Pa.C.S.A. § 302(a), (b).

 The statute further makes clear that intentional acts and knowing acts are not equivalent.

**(e) Substitutes for negligence, recklessness and knowledge.**— . . . When acting knowingly suffices to establish an element, such element also is established if a person acts intentionally.

*Id.* § 302(e). The culpability of an intentional act subsumes the culpability of a knowing act. Conversely, the culpability of a knowing act does not subsume the culpability of an intentional act. Put another way, knowledge is a lesser included mens rea of intent. *See Commonwealth v. Nay,* 281 Pa.Super. 226, 421 A.2d 1231, 1235–1236 (1980) (describing how proof or negation of one grade of culpability implicates the proof or negation of other grades of culpability).

Therefore, by requiring proof of an intentional act, a charge of receiving stolen property contains an element distinct from a charge of owning, operating or conducting a chop shop—illegally obtained/altered property, which only requires proof of the lesser included culpability of a knowing act. As noted, the owning, operating or conducting a chop shop-illegally obtained/altered property charge contains an element distinct from receiving stolen property. Accordingly, pursuant to 42 Pa. C.S.A. § 9765 the charges do not merge for purposes of sentencing. We conclude, the PCRA court committed no error of law in dismissing Appellant's PCRA petition relative to this issue.

 In his second issue, Appellant faults the PCRA court for determining he failed to prove his *Brady* claim. As noted, in *Nero III,* we determined Appellant had sufficiently plead genuine issues of material fact, entitling him to a hearing on his *Brady* issue. Specifically, Appellant averred documents show the Commonwealth assisted Appellant's co-defendant Black to receive *nunc pro tunc* reduction of his sentence after testifying for the Commonwealth. Appellant asserted that the Commonwealth violated *Brady* by failing to disclose that agreement prior to Appellant's trial. We therefore directed the PCRA court to "assess whether the Commonwealth intended, at the time of Appellant's trial, to subsequently provide sentencing assistance to Black, and whether it informed Black of this plan prior to his testifying." *Nero III, supra* at 7.

In *Brady,* the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." [*Brady supra* at 87, 83 S.Ct. 1194.]

This Court has held that "[t]o prove a *Brady* violation, the defendant must show that: (1) the prosecutor has suppressed evidence; (2) the evidence, whether exculpatory or impeaching, is helpful to the defendant; and (3) the suppression prejudiced the defendant." *Commonwealth v. Pagan,* 597 Pa. 69, 950 A.2d 270, 291 (2008) (citing *Commonwealth v. Carson,* 590 Pa. 501, 913 A.2d 220, 245 (2006)).

*Commonwealth v. Busanet,* 54 A.3d 35, 48 (Pa.2012). *"Brady's* mandate is not limited to pure exculpatory evidence; impeachment evidence also falls within *Brady's* parameters and therefore must be disclosed by prosecutors. *U.S. v. Bagley,* 473 U.S. 667, 677, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985)." *Commonwealth v. Haskins,* —— Pa.Super. ——, 60 A.3d 538, 546, 2012 WL 4841446, *6 (Pa.Super.2012). "The burden rests with Appellant to **'prove, by**

**reference to the record,** that evidence was withheld or suppressed by the prosecution.' *Commonwealth v. Porter,* 556 Pa. 301, 728 A.2d 890, 898 (1999) (citations omitted) (emphasis added)." *Commonwealth v. Sneed,* —— Pa. ——, 45 A.3d 1096, 1116 (2012). "[A] witness's assumption that he will benefit from cooperating in the prosecution of the defendant, without more, is insufficient to establish that an agreement existed, and does not trigger *Brady* disclosure requirements." *Busanet, supra* at 49 (citation omitted).

Instantly, Appellant argues

that the Commonwealth was certainly cognizant of their intentions to support if not facilitate some benefit to Black in the form of a sentencing modification and by merely delaying the iteration of that intention in a letter the day after his convictions does not free them from the obligation of full disclosure.

Appellant's Brief at 7. "To now contend or state that this 'agreement' was not subject to the mandates of disclosure under Brady unto Nero on the ground that there was no explicit written agreement to that effect is to play with legal technicalities and unfounded niceties." *Id.* at 9.

The PCRA court determined, based on its credibility determinations of the testimony presented at the remand hearing, that Appellant failed to prove his claim. PCRA Court Opinion, 3/28/12, at 4. The PCRA court summarized that testimony, which it found credible, as follows.

At the PCRA evidentiary hearing, District Attorney Jack Daneri outlined the sequence of events regarding Mr. Black. He testified that at the time Black testified at [Appellant's] trial, he had already been sentenced. Furthermore, there was no agreement that Black's sentence would be affected or revisited based upon his testimony. Attorney Daneri was not sure how Black would testify at time of trial and he felt Black's testimony could have gone either way. However, on July 22, 2008, after Petitioner's trial, Attorney Daneri received a letter from Black, requesting help to modify his sentence. (See Evidentiary Hearing, Commonwealth Exhibit (1)). The next day, Attorney Daneri responded. In the letter, Attorney Daneri credited Black's testimony for [Appellant's] conviction and noted he would bring his forthrightness and cooperation to the attention of the court at any future proceeding. Thereafter, on August 1, 2008, Black filed a counseled Motion for Post–Sentence Relief *Nunc Pro Tunc.*

Black's attorney, Kevin Kallenbach, Esquire, testified that he was not involved in any post-sentence deals or negotiations. In fact, Attorney Kallenbach did not have any further contact with Black after his sentencing.

Assistant Public Defender Nicole Sloane, Esquire, testified that she filed the motion on Black's behalf after [Appellant's] trial. She had not spoken to anyone from the District Attorney's office before filing the motion. Additionally, she was not aware of any promises, such as those [Appellant] claims existed. *Id.* 3–4.

Based on our review of the record, we conclude the PCRA court's findings and conclusions are amply supported. We discern no abuse of discretion or error of law in its denial of Appellant's PCRA *Brady* violation claim. Appellant urges us to reassess the PCRA court's credibility determinations.

[I]nconsistency between Attorney Daneri's testimony in the context of his actual opening statement at trial calls into question the reliability of his recollection and thus undermines his entire remand hearing testimony and the denials as to

any prior agreement with Black for leniency that was fully brokered and communicated to him in advance of his testimony at the Nero trial, which is the sole fact that needs to be established to constitute the Brady violation now alleged. Appellant's Brief at 12–13. This exceeds our standard of review as cited above and we decline to reweigh the evidence. *See Garcia, supra* at 1059.

Discerning no legal error or abuse of discretion by the PCRA court in dismissing Appellant's PCRA petition on the remaining remanded issues, we affirm its March 28, 2012 order.

Order affirmed.