J-S34037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRETT ALLEN WOODSIDE | |
| Appellant | No. 1322 MDA 2015 |

Appeal from the Judgment of Sentence July 10, 2015
In the Court of Common Pleas of Columbia County
Criminal Division at No(s): CP-19-CR-0000683-2013

BEFORE:  PANELLA, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED JUNE 21, 2016**

Appellant Brett Allen Woodside appeals from the judgment of sentence entered in the Columbia County Court of Common Pleas on July 10, 2015 following his jury trial conviction for voluntary manslaughter, aggravated assault (serious bodily injury), aggravated assault (with a deadly weapon), and tampering with evidence.[1]  We affirm.

On March 27, 2015, following a jury trial, Appellant was convicted of the aforementioned crimes in relation to the death of the victim, a friend of Appellant's.  The jury found Appellant not guilty of first-degree murder or third-degree murder.

---

[1] 18 Pa.C.S. §§ 2503, 2702(a)(1), 2702(a)(4), and 4910(1), respectively.

On May 27, 2015, the trial court sentenced Appellant. It found the aggravated assault (serious bodily injury) count merged for sentencing purposes with the aggravated assault (with a deadly weapon) count. It sentenced Appellant to 60 to 120 months' incarceration for the voluntary manslaughter conviction and a consecutive 60 to 120 months' incarceration for the aggravated assault (serious bodily injury) conviction. The court also imposed a sentence of 12 months' probation on the tampering with evidence conviction, to run concurrent with the voluntary manslaughter conviction.

On June 5, 2015, Appellant filed a post-sentence motion. On July 10, 2015, the trial court vacated the sentence imposed on May 27, 2015, vacated the order effecting a merger of the aggravated assault convictions, and ordered that the aggravated assault (serious bodily injury) conviction would merge for purposes of sentencing with the voluntary manslaughter conviction, and that Appellant would be re-sentenced for voluntary manslaughter, aggravated assault (with a deadly weapon), and tampering with evidence.

On July 10, 2015, the trial court re-sentenced Appellant to 72 to 144 months' incarceration for the voluntary manslaughter conviction, 16 to 32 months' incarceration for the aggravated assault (with a deadly weapon) conviction, to be served consecutive to the voluntary manslaughter sentence, and 12 months' probation for the tampering with evidence conviction, to be served concurrent with the voluntary manslaughter sentence.

On August 3, 2015, Appellant filed a timely notice of appeal. Appellant filed a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) and the trial court issued a Rule 1925(a) opinion incorporating its opinion filed July 10, 2015 as its basis for the judgment of sentence.

Appellant raises the following issue on appeal:

> Whether the trial court's imposition of separate sentences for aggravated assault with a deadly weapon and []voluntary manslaughter pursuant to 42 Pa.C.S. 9765 violates the double jeopardy clause of Article 1 Section 10 of the Pennsylvania Constitution under the facts and circumstances of this case?

Appellant's Brief at 5.

A claim that crimes should have merged for sentencing purposes raises a challenge to the legality of the sentence, for which our standard of review is de novo and our scope of review is plenary. *Commonwealth v. Nero*, 58 A.3d 802, 806 (Pa.Super.2012) (quoting *Commonwealth v. Quintua*, 56 A.3d 399, 400 (Pa.Super.2012)).

The Pennsylvania statute governing the merger of sentences provides:

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765. The statute "prohibits merger unless two distinct facts are present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory

elements of the other." ***Commonwealth v. Baldwin***, 985 A.2d 830, 833 (Pa.2009).

Appellant maintains the trial court should have merged the crimes of aggravated assault (with a deadly weapon) and voluntary manslaughter for sentencing purposes.

Aggravated assault with a deadly weapon is defined as:

> A person is guilty of aggravated assault if he:
>
> (4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon[.]

18 Pa.C.S. § 2702(a)(4). Deadly weapon is defined as "[a]ny firearm, whether loaded or unloaded, or any device designed as a weapon and capable of producing death or serious bodily injury, or any other device or instrumentality which, in the manner in which it is used or intended to be used, is calculated or likely to produce death or serious bodily injury." 18 Pa.C.S. § 2301.

Voluntary manslaughter is defined as:

> (a) General rule.--A person who kills an individual without lawful justification commits voluntary manslaughter if at the time of the killing he is acting under a sudden and intense passion resulting from serious provocation by:
>
> (1) the individual killed; or
>
> (2) another whom the actor endeavors to kill, but he negligently or accidentally causes the death of the individual killed.
>
> (b) Unreasonable belief killing justifiable.--A person who intentionally or knowingly kills an individual commits voluntary manslaughter if at the time of the killing he believes the circumstances to be such that, if they existed,

> would justify the killing under Chapter 5 of this title (relating to general principles of justification), but his belief is unreasonable.

18 Pa.C.S. § 2503.

The crime of aggravated assault with a deadly weapon requires the use of a deadly weapon, which is not an element of the offense of voluntary manslaughter. Further, voluntary manslaughter requires that a defendant kill someone, which is not an element of aggravated assault with a deadly weapon. *See Commonwealth v. Weston*, 749 A.2d 458, 462 (Pa.2000) ("Voluntary manslaughter, imperfect self-defense, requires that the Commonwealth establish that the defendant 'intentionally and knowingly' killed another."). Therefore, under the merger statute, the convictions do not merge.

Appellant argues the application of 42 Pa.C.S. § 9765 to find that aggravated assault (with a deadly weapon) does not merge with voluntary manslaughter violates the Pennsylvania Constitution's Double Jeopardy Clause.[2] However, this Court has found 42 Pa.C.S. § 9765 does not violate the Pennsylvania Constitution. *Commonwealth v. Wade*, 33 A.3d 10 (Pa.Super.2011). In *Wade*, this Court provided an extensive discussion of the history of the law regarding the merger of sentences and of state and federal double jeopardy precedent and concluded:

_____

[2] Appellant concedes that *Baldwin* found that 42 Pa.C.S. § 9765 does not violate the United States Constitution's Double Jeopardy clause.

> There is nothing in the text of our constitution, the case law interpreting the Pennsylvania double jeopardy clause, or more modern Pennsylvania or federal jurisprudence that reveals that the Pennsylvania Constitution affords greater double jeopardy protections in the merger of sentencing arena than does the federal constitution. Since the double jeopardy clause in the Pennsylvania Constitution originally applied only to multiple prosecutions in capital cases and not sentencing merger, the framers of the Pennsylvania constitution never intended to restrict the legislature, via our double jeopardy clause, from defining merger of sentence issues.
>
> In conclusion, having reviewed the federal and state clauses, as well as pertinent Pennsylvania and federal authority, we find no evidence to suggest that Article 1, § 10 prohibits the legislature from defining merger in a purely elemental fashion.

*Id.* at 121.

Because the crimes of aggravated assault (with a deadly weapon) and manslaughter each have an element that is not an element of the other crime, merger is not proper. *See Baldwin*, 985 A.2d at 833; 42 Pa.C.S. § 9765. The trial court did not err in finding the crime of aggravated assault (with a deadly weapon) did not merge with the crime of voluntary manslaughter for sentencing purposes.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/21/2016

- 6 -