J-S13031-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER WILLIAM LATZ, | : | |
| | : | |
| Appellant | : | No. 1257 WDA 2017 |

Appeal from the PCRA Order August 10, 2017
in the Court of Common Pleas of Cambria County
Criminal Division at No(s):  CP-11-CR-0002034-2013

BEFORE:  GANTMAN, P.J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED MAY 30, 2018**

Christopher William Latz ("Latz") appeals from the Order denying his "Motion to Vacate Judgment of Sentence, and/or in the Alternative[,] Petition to Set Aside his Mandatory Minimum Sentence Pursuant to **_Alleyne v. United States_**[1] _Nunc Pro Tunc_," which the PCRA court treated as a Petition filed pursuant to the Post Conviction Relief Act.[2]  **_See_** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On February 3, 2015, Latz entered an open guilty plea to persons not to possess firearms.  **_See_** 18 Pa.C.S.A. § 6105.  The trial court deferred

---

[1] 570 U.S. 99 (2013).

[2] **_See Commonwealth v. Jackson_**, 30 A.3d 516, 521 (Pa. Super. 2011) (stating that this Court has "repeatedly held that any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition.") (citation and ellipses omitted).

sentencing and ordered a pre-sentence investigation report. The trial court subsequently sentenced Latz to a term of 30 to 84 months in prison. Latz did not file a direct appeal.

On March 23, 2016, Latz, *pro se*, filed the instant Motion to Vacate. The PCRA court subsequently issued an Order, stating that Latz's Motion to Vacate would be treated as a PCRA Petition, and appointing Latz PCRA counsel. PCRA counsel filed an Amended PCRA Petition on Latz's behalf. The PCRA court conducted a hearing on the matter, and on August 10, 2017, the PCRA court denied Latz's Petition. Latz filed a timely Notice of Appeal and a Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Latz now raises the following claim for our review: "[Whether t]he [PCRA] court erred in denying [Latz's] PCRA Petition in that the trial court imposed an improper and/or illegal sentence which should have been modified, especially in light of the United States Supreme Court's holding in *Alleyne*…[?]"[3] Brief for Appellant at 4 (some capitalization omitted).

> On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Nero*, 58 A.3d 802, 805 (Pa. Super. 2012) (citations and quotation marks omitted).

---

[3] In *Alleyne*, the United States Supreme Court held that "any fact that increases the penalty for a crime is an 'element' that must be submitted to the jury" and found beyond a reasonable doubt. *Alleyne*, 570 U.S. at 103.

- 2 -

Latz asserts that his sentence is illegal based on "the spirit of **Alleyne**." Brief for Appellant at 8-10. Latz concedes that his conviction under 18 Pa.C.S.A. § 6105 does not carry a mandatory minimum sentence, but argues that "the [c]ourt is still compelled under the Pennsylvania Sentencing Guidelines to impose a minimum sentence…." **Id.** at 9.

As Latz correctly points out, his conviction of persons not to possess firearms does not require the imposition of a mandatory minimum sentence. **See** 18 Pa.C.S.A. § 6105(a.1)(1) (stating that, regarding the penalty to be imposed for conviction under section 6105, "a person convicted of a felony enumerated under subsection (b) or a felony under … The Controlled Substance, Drug, Device and Cosmetic Act, or any equivalent Federal statute or equivalent statute of any other state, who violates subsection (a) commits a felony of the second degree."). Thus, Latz's sentence is not illegal under **Alleyne**.[4] We therefore affirm the PCRA court's Order denying Latz's Petition.

Order affirmed.

_____

[4] We additionally note that during the guilty plea hearing, Latz specifically pled guilty to the offense of persons not to possess firearms, graded as a felony of the second degree. **See** N.T., 2/3/15, at 2; **see also** 18 Pa.C.S.A. § 6105(a.1)(1). Thus, as the PCRA court stated in its Opinion, by entering a guilty plea, Latz agreed to all facts necessary to support a finding of guilt, including those facts necessary to establish the grading of the offense. **See** PCRA Court Opinion, 10/23/17, at 3. Moreover, Latz's sentence is below the statutory maximum. **See** 18 Pa.C.S.A. § 1103(2) (providing that a person may be sentenced, "[i]n the case of a felony of the second degree, for a term which shall be fixed by the court at not more than ten years.").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/30/2018