J-A04036-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TERRELL THOMPSON | : | No. 1929 EDA 2020 |

Appeal from the Judgment of Sentence Entered October 6, 2020[1]
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004708-2018

BEFORE: LAZARUS, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED MAY 19, 2022**

The Commonwealth challenges an order downgrading Terrell Thompson's convictions for criminal conspiracy, theft by unlawful taking, and receiving stolen property ("RSP")[2] from third-degree felonies to third-degree misdemeanors. Because the Commonwealth failed to present evidence of the value of the stolen items or establish that Thompson was in the business of buying or selling stolen goods, we conclude the evidence was not sufficient to support the third-degree felony convictions and affirm.

_____

[1] The Commonwealth characterized its appeal as being from the order downgrading the convictions. Its appeal in this case properly lies from the judgment of sentence. We have corrected the caption accordingly.

[2] 18 Pa.C.S.A. §§ 903, 3921(a), and 3925(a), respectively.

Thompson and his co-defendant Stephen Purnell[3] were arrested in June 2018 for stealing boxes of new flooring and tiles from a residence on North Marston Street in Philadelphia that was undergoing construction. They proceeded to a joint bench trial in November 2019.

Sergeant Francis Uitz testified that on June 8, 2018, he responded to a radio call at approximately 1:50 a.m. and proceeded to North Marston Street. N.T., 11/1/19, at 44-45. He observed a U-Haul van parked next to a property with several males loading items into the rear of the U-Haul van. *Id.* at 46. Sergeant Uitz testified that the males looked in his direction and then jumped into the van and drove away. *Id.* at 47. Sergeant Uitz got behind the van and activated his lights and sirens. He said the van pulled into an empty lot and could not drive further because a fence blocked the path. *Id.* The men started to get out of the van, and Sergeant Uitz drew his gun and ordered them to stop. *Id.* Additional officers pulled into the parking lot. Sergeant Uitz observed "a bunch of flooring and other kind[s] of construction materials in the back of the U-Haul van." *Id.*

Sergeant Uitz said that he went back to the North Marston Street residence and observed that the front door had been forced open. He noticed damage to the doorframe and door. He further observed that the back door

---

[3] The Commonwealth also filed an appeal of the order downgrading Purnell's convictions to third-degree misdemeanors, docketed at 1909 EDA 2020. We address that appeal in separate memorandum.

was open and there was flooring stacked by the back door that was similar to the flooring inside the van. *Id.* at 47-48.

Police Officer Robert Heeney testified that he assisted after the U-Haul stopped in the parking lot, arrested Thompson, and observed flooring and tile materials in the U-Haul. *Id.* at 68. The Commonwealth also put into evidence a picture of the back of the U-Haul van, showing 27 boxes of materials. *See* Commonwealth Ex. C-2(a).

The general contractor and realtor for the North Marston Street residence, Lawrence Resnick, testified that the police contacted him on the day of the incident to come to the residence because of a break-in. N.T., 11/1/19, at 25. He said that the front door was "broken up" and there was damage to the rear door, neither of which had been the case when he left the prior evening. *Id.* at 25-28. He said the flooring and tile materials found in the van belonged to him. *Id.* at 30. He stated he had bought the materials and locked them in the North Marston residence. *Id.* at 30-31. He testified that Purnell and Thompson did not have permission to be in the home. *Id.* at 32-33.

Thompson took the stand in his own defense. He stated he was a welding contractor and furniture fabricator and on June 8, 2018, he was working on a house on North Beechwood Street. *Id.* at 81. He testified that a "buddy" named Pete, who is a handyman with whom he had worked with in the past, told him there were materials available to help Thompson save money, allegedly because someone had extra. *Id.* at 82-83. He said he paid Pete a

$250 deposit and when he arrived at the North Marston Street address, the materials were already in the U-Haul van. *Id.* at 87-88, 92.

In its closing argument, the Commonwealth argued that Thompson's testimony that he believed he was buying the goods was not credible, as the value of the "goods in the back of that truck probably far exceeds $250." *Id.* at 106. The trial court found Thompson guilty of criminal conspiracy to commit theft by unlawful taking, theft by unlawful taking, and RSP, graded as third-degree felonies. N.T., 11/21/19, at 4-5.

Thompson did not file a post-verdict motion. Purnell did, arguing that the Commonwealth had failed to carry its burden to establish the value of the stolen items. According to Purnell, the convictions were therefore third-degree misdemeanors rather than first-degree felonies.

At argument, in August 2020, with counsel for both Purnell and Thompson in attendance, Thompson's counsel asserted that the intent of the defense was to challenge the sufficiency of the evidence to support the grading. N.T., 8/6/20, at 4. The Commonwealth stated it had "no objection" to the court "considering the issue that has been raised [in Purnell's motion] as to both defendants now." *Id.* at 6-7. It argued that it had proven the higher grading because Thompson's testimony established that he was in the business of buying and selling stolen goods. *Id.* at 5-6.

The court and defense counsel agreed that even if the court could not grant the requested relief at the post-verdict motion stage, the defense could still file a motion for extraordinary relief before sentencing or make a motion

orally at sentencing, challenging the sufficiency of the evidence.[4] The court then gave the defendants 30 days to file a motion, "if they're going to file motions," and the Commonwealth 15 days to respond. *Id.* at 15. Thompson did not file a motion.

At Thompson's sentencing, the prosecutor agreed to "whatever" offense gravity score the court chose:

---

[4] Pennsylvania Rule of Criminal Procedure 606 (A) provides:

> (A) A defendant may challenge the sufficiency of the evidence to sustain a conviction of one or more of the offenses charged in one or more of the following ways:
>
> . . .
>
> (5) a motion for judgment of acquittal made orally before sentencing pursuant to Rule 704(B);
> (6) a motion for judgment of acquittal made after sentence is imposed pursuant to Rule 720 (B); or
> (7) a challenge to the sufficiency of the evidence made on appeal.

Pa.R.Crim.P. 606(A). Rule 704(B) provides:

> **(B) Oral Motion for Extraordinary Relief.**
>
> (1) Under extraordinary circumstances, when the interests of justice require, the trial judge may, before sentencing, hear an oral motion in arrest of judgment, for a judgment of acquittal, or for a new trial.
> (2) The judge shall decide a motion for extraordinary relief before imposing sentence, and shall not delay the sentencing proceeding in order to decide it.
> (3) A motion for extraordinary relief shall have no effect on the preservation or waiver of issues for post-sentence consideration or appeal.

Pa.R.Crim.P. 704(B).

THE COURT: And the offense gravity score of the M-3, theft.

[Assistant District Attorney ("ADA")]: Judge, I'm fine with whatever the offense gravity score -- I don't know if you made the finding official yet.

THE COURT: Right.

I'm finding that the Commonwealth did not make out an F-3 theft, receiving stolen property. There is nothing in the notes indicating the value of the items taken. So, therefore it's an M-3.

[ADA]: -- granting defendant's was there a motion; am I correct? I got to make sure I get all that straight.

THE COURT: Yeah.

. . .

THE COURT: All right. So I'm granting defendant's oral motion for extraordinary relief before imposing sentencing. And, therefore, that's why the grading is an M-3.

N.T., Oct. 6, 2020, at 5-6.

The court thus confirmed on the record that it was granting the motion to downgrade the conviction, as to Thompson. The Commonwealth did not object. The court sentenced Thompson to one year of reporting probation. The Commonwealth at no point objected in the trial court that the ruling that the convictions were third-degree misdemeanors was *sua sponte* or otherwise not in response to a defense motion.

The Commonwealth filed a timely notice of appeal.[5] It states the issue before us as follows:

> Where [Thompson] and his co-conspirators were caught in the act of stealing 27 boxes of new and unused flooring and tiling supplies from a new house in the middle of construction, did the post-trial court err in failing to consider the evidence in the light most favorable to the Commonwealth as verdict winner, explicitly reweighing the trial evidence, and arresting judgment for defendant's felony convictions by downgrading them to misdemeanors?

Commonwealth's Br. at 4.[6]

The Commonwealth argues that the post-verdict court improperly arrested judgment and downgraded its own verdicts about ten months after it entered the verdicts. The Commonwealth notes that at the hearing on the post-verdict motion, the court stated the defendants should file a motion challenging the sufficiency of the evidence, but the defendants did not file the motion. It claims that, because the court could not arrest judgment *sua sponte* and the parties did not file the motion, the court erred in entering the order.

The Commonwealth further claims the photograph of the van established Thompson stole 27 boxes of new tiling and flooring material and a reasonable factfinder could conclude it was worth more than $2,000. It

---

[5] Thompson also filed a notice of appeal from his judgment of sentence, docketed at 1977 EDA 2020, which we will address in a separate memorandum.

[6] Thompson did not file a brief at this docket number. However, he included in his appellate brief in the appeal he filed of his judgment of sentence argument that the trial court did not err in finding the Commonwealth did not present sufficient evidence to support the third-degree felony convictions.

claims that, viewed in the light most favorable to the Commonwealth, the evidence was sufficient to sustain the third-degree felony convictions and the trial court did not have authority to change its verdict where the original verdict was supported by sufficient evidence.

In addition, the Commonwealth claims the court applied an incorrect legal standard. It argues the court reweighed the evidence and "inaccurately redetermined the quantity of goods stolen." *Id.* at 13. It points out the Commonwealth does not have to establish the precise value of the materials but must present evidence from which a jury may conclude that the market value was at least a certain amount. It claims the Commonwealth established Thompson stole 27 boxes of new flooring and tile supplies and no evidence "rebutted the Commonwealth-favorable inference of value of at least over $2,000." *Id.* at 17. It maintains the court entered third-degree felony guilty verdicts based on the inference and had no authority to reassess the evidence.[7]

The Commonwealth further contends that for Thompson's RSP conviction, there is an alternate basis to uphold the conviction – Thompson was "in the business of buying or selling" stolen property. It claims

---

[7] The Commonwealth also states the court's memory had faded when it reassessed, noting that when defense counsel stated, "[I]t was about two floor boards," the court stated, "Right." Commonwealth's Br. at 11. This exchange occurred at Thompson's sentencing, but it was after the court made the finding that the crimes would be graded as third-degree misdemeanors and was during counsel's statement before sentencing. N.T., 10/6/20, at 6-7. This does not change that the Commonwealth failed to present any evidence as to the value of the goods to support third-degree felony convictions.

Thompson's testimony "invited the reasonable inference that he was in the business of buying and selling the stolen property at issue." *Id.* at 22. It argues Thompson testified he intended to install the stolen supplies in a house he was working on for a client and that he bought the supplies from Pete, putting down a $250 deposit. It claims that this testimony, "in the context of the entire record, which included the surreptitious, late-night purloining of the materials after breaking into the under-construction house from which they were stolen and then fleeing when the police appeared[,] permitted the reasonable inference that [Thompson] knew he was engaged in the purchase and sale of stolen goods." *Id.* at 23.

We must first address whether the trial court improperly raised the sufficiency issue on its own motion or granted relief *sua sponte*. On this record, it did not. Thompson's co-defendant filed a post-verdict motion challenging the sufficiency of the evidence to support the grading. At the hearing on the motion, it was clear Thompson was joining the motion. The Commonwealth did not object to his doing so. Indeed, it agreed to the court addressing the sufficiency issue as to both defendants. Then, at sentencing, the court told the prosecutor that it was granting the sufficiency motion as to Thompson. The prosecution again did not object that it was doing so *sua sponte*. The Commonwealth thus waived any claim that the court granted relief on an improper procedural vehicle or was improperly acting *sua sponte*. Moreover, the court simply did not act on its own impetus. Purnell raised the issue, Thompson in effect joined his argument, and the prosecutor in fact agreed

that the defense placed the issue before the court. The court thus permissibly entertained the question on its merits.

It also properly granted Thompson relief. A motion for judgment of acquittal challenges the sufficiency of the evidence and should be granted "only in cases in which the Commonwealth has failed to carry its burden regarding that charge." ***Commonwealth v. Foster***, 33 A.3d 632, 635 (Pa.Super. 2011) (citation omitted). When reviewing a challenge to the sufficiency of the evidence, we "must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt." ***Commonwealth v. Feliciano***, 67 A.3d 19, 23 (Pa.Super. 2013) (*en banc*) (citation omitted). "Our scope of review is limited to considering the evidence of record, and all reasonable inferences arising therefrom, viewed in the light most favorable to the Commonwealth as the verdict winner." ***Commonwealth v. Rushing***, 99 A.3d 416, 420–21 (Pa. 2014). Our standard of review is *de novo*. ***Id.***

Thompson challenged the sufficiency of the evidence to support the grading of the offenses. The following applies to the grading of theft offenses:

> **(a.1) Felony of the third degree.**--Except as provided in subsection (a) or (a.2), theft constitutes a felony of the third degree if the amount involved exceeds $2,000, . . . or in the case of theft by receiving stolen property, if the receiver is in the business of buying or selling stolen property.
>
> . . .

**(b) Other grades.--**Theft not within subsection (a), (a.1) or (a.2), constitutes a misdemeanor of the first degree, except that if the property was not taken from the person or by threat, or in breach of fiduciary obligation, and:

(1) the amount involved was $50 or more but less than $200 the offense constitutes a misdemeanor of the second degree; or

(2) the amount involved was less than $50 the offense constitutes a misdemeanor of the third degree.

18 Pa.C.S.A. § 3903(a.1), (b).

Accordingly, to establish a theft conviction graded as a third-degree felony, the Commonwealth had to establish the amount involved exceeded $2,000 or, in the alternative, if the conviction was for RSP, the Commonwealth had to prove the defendant was "in the business of buying or selling stolen goods." *Id.* If the amount was less than $50.00, the offense would be a third-degree misdemeanor. *Id.*

Of importance here, if the value of the goods "cannot be satisfactorily ascertained" the value shall be deemed to be less than $50.00:

**(c) Valuation.--**The amount involved in a theft shall be ascertained as follows:

(1) Except as otherwise specified in this section, value means the market value of the property at the time and place of the crime, or if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the crime.

. . .

(3) **When the value of property cannot be satisfactorily ascertained pursuant to the standards set forth in paragraphs (1) and (2) of this subsection**

- 11 -

**its value shall be deemed to be an amount less than $50.** Amounts involved in thefts committed pursuant to one scheme or course of conduct, whether from the same person or several persons, may be aggregated in determining the grade of the offense.

18 Pa.C.S.A. § 3903(c) (emphasis added).

The Commonwealth claims that the evidence – a photo of a van with 27 boxes of new flooring and tiles – was sufficient to support a finding that the value of the stolen items was more than $2,000. We disagree. This picture was not enough to create a reasonable inference that the value of the goods exceeded $2,000. There was no evidence about how much the complainant paid for the flooring and tiles or even any evidence of typical costs for such items. The costs of each box of flooring and tile is not common knowledge such that an inference exists that 27 boxes would be more than $2,000. Further, as there was no evidence of the amount, the value "cannot be satisfactorily ascertained" and the amount therefore is less than $50.00.[8] ***See Commonwealth v. Goins***, 867 A.2d 526, 529 (Pa.Super. 2004) (downgrading convictions to third-degree misdemeanors where there was no evidence of any valuation of the package and its contents, and the only

---

[8] Thompson testified he paid "Pete" a $250.00 deposit. The Commonwealth is not arguing that this testimony would support a finding that Thompson committed first-degree misdemeanors. ***See*** 18 Pa.C.S.A. § 3903(b) ("Theft not within subsection (a), (a.1) or (a.2), constitutes a misdemeanor of the first degree, except that if the property was not taken from the person or by threat, or in breach of fiduciary obligation, and: (1) the amount involved was $50 or more but less than $200 the offense constitutes a misdemeanor of the second degree; or (2) the amount involved was less than $50 the offense constitutes a misdemeanor of the third degree.").

evidence was that the package contained a DVD duplicating machine but did not indicate whether it was new or used or discontinued or discounted).

The cases the Commonwealth cites to support the claim that it only needs to provide enough evidence to infer the items were worth more than $2,000, included cases where witnesses testified regarding value amounts or cited the burden but did not discuss the value of the property. **See Commonwealth v. Hanes**, 522 A.2d 622, 625-26 (Pa.Super. 1987) (noting evidence supported a market value greater than $2,000 where the Commonwealth presented testimony of oral contract prices for the red oak log board feet and veneer grade wood board feet that had been stolen and testimony that an average load contained 3,000 board feet); **Commonwealth v. Reiss**, 655 A.2d 163, 168 (Pa.Super. 1995) (where testimony valued the computer equipment as many thousands of dollars, it was sufficient to find the value was more than $50, even if the testimony was regarding the retail value not fair market value); **Commonwealth v. Garrett**, 222 A.2d 902, 905 (Pa. 1966) (noting the Commonwealth need not remove all doubt to a mathematical certainty, but not addressing the value of the property and finding the Commonwealth did not prove the defendant participated in the robbery).

We next address the Commonwealth's argument that Thompson's RSP conviction as a third-degree felony is supported because he was in the business of buying and selling goods.

The trial court found that the Commonwealth waived the claim by not raising it at trial and, even if not waived, the Commonwealth did not establish Thompson was in the business of buying or selling stolen property:

> To the extent the Commonwealth now claims that [Thompson] was in the business of buying and selling stolen property, that argument is waived. The Commonwealth did not make this argument at trial but rather first addressed it in a Memorandum of Law dated February 19, 2020. **See** [**Commonwealth v.** ]**Dodge**, 599 A.2d[ 668, 672 (Pa.Super. 1991)] (citing **Commonwealth v. Sparks**, 492 A.2d 720 (Pa.Super. 1985)) ("[T]he issue of whether the defendant was `in the business of buying or selling stolen property' was a question for the jury rather than a question for the court at sentencing.").
>
> Even if properly preserved, the Commonwealth's claim is meritless. As stated above, section 3903 provides, in part, that a theft constitutes a felony of the third degree "in the case of theft by receiving stolen property, if the receiver is in the business of buying or selling stolen property." 18 Pa.C.S. 3903(a.1). In **Commonwealth v. Andrzejewski**, the defendant challenged the sufficiency of the evidence supporting the finding that he engaged "in the business of buying and selling stolen property" for purposes of grading his offense as a third-degree felony. 658 A.2d 390, 390 (Pa.Super. 1995). The evidence established that an undercover trooper engaged in three transactions with the defendant, in which the trooper sold supposedly stolen property to him. **Id.** at 390-91. In concluding that the evidence was sufficient to sustain the conviction, the Superior Court stated:
>
>> We agree with the trial court that the three transactions in this case, which showed appellant's familiar inclination to purchase illegally obtained merchandise for purposes of resale at a profit, together with his predisposition and even eagerness to obtain more such goods, are sufficient evidence to support a finding that Andrzejewski engaged in "the business" of buying and selling stolen property.

- 14 -

*Id.* at 392.

Here, [Thompson] testified that on June 8, 2018, he was involved in a rehabilitation of house located at . . . North Beechwood Street, about a mile away from 1453 Marston Street. N.T. 11/1/2019, at 80-81. In the days leading up to June 8th, a handyman named Pete reached out to [Thompson]. *Id.* at 82-83. The two men had known each other for about five years. *Id.* at 82. According to [Thompson], Pete offered extra building materials to him. *Id.* at 83, 85.

Between 12:30 and 1:00 a.m., [Thompson] met up with Pete, at which time he paid him $250, and then proceeded to 1453 North Marston Street. *Id.* at 87, 92. Upon arriving there, [Thompson] observed the van loaded with the building materials, which he planned to take to the property at 2318 North Beechwood Street in order to save his client money. *Id.* at 88.

[Thompson's] testimony is insufficient for purposes of grading the offenses as felonies of the third degree. Unlike the defendant in *Andrzejewski*, [Thompson] exhibited neither an "inclination to purchase illegally obtained merchandise for purposes of resale at a profit," nor an "eagerness to obtain more such goods."

1925(a) Opinion,filed Mar. 23, 2021, at 6-8 (footnote omitted).

We agree. The Commonwealth did not make any such argument below and therefore waived the claim. *Dodge*, 599 A.2d at 672 (finding the "issue of whether the defendant was 'in the business of buying or selling stolen property' was a question for the jury rather than a question for the court at sentencing"); *Sparks*, 492 A.2d at 725 ("During jury trials it is the custom to charge the jury that one of its functions is to establish the value of the goods stolen so that the court can determine the grade of the offense for sentencing purposes") (emphasis omitted). Further, even if it had not waived the claim,

Thompson's testimony did not support the finding that he was in the business of buying or selling stolen goods. Thompson's testimony that on one occasion he purchased stolen goods did not prove beyond a reasonable doubt that he was in the business of doing so. *Cf. Andrzejewski* 658 A.2d at 392; *Commonwealth v. Holzlein*, 706 A.2d 848, 852 (Pa.Super. 1997) (stating an RSP conviction is a third-degree felony if the Commonwealth establishes the defendant is a "'fence,' that is, engaged in the business of buying and selling stolen property"), *superseded by statute on other grounds as found in In re J.M.P.*, 863 A.2d 17 (Pa.Super. 2004). The trial court did not err.

Judgment of sentence affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

*Date: 5/19/2022*

- 16 -