J-S16006-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
MARKAL TREY MUNFORD :
:
Appellant : No. 1271 MDA 2018

Appeal from the PCRA Order Entered July 6, 2018
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0004001-2014

BEFORE: OTT, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.: **FILED: MAY 20, 2019**

Markal Trey Munford appeals from the order entered on July 6, 2018, denying, after a hearing, his first, counseled petition filed pursuant to the Pennsylvania Post Conviction Relief Act (PCRA).[1] Munford seeks relief from the judgment of sentence of 6¼ to 12½ years' imprisonment, imposed after a jury convicted Munford of one count each of person not to possess firearms, receiving stolen property (RSP), firearms not to be carried without a license, and possession of a controlled substance.[2] Munford contends the PCRA court erred in denying relief where appellate counsel was ineffective for not raising a claim on direct appeal that the evidence was insufficient to sustain his

---

[1] 42 Pa.C.S.A. §§ 9541–9546.

[2] 18 Pa.C.S.A. §§ 6105(a)(1), 3925(a), and 6106(a)(1), respectively; and 35 P.S. § 780-113(a)(16).

conviction for RSP. **See** Munford's Brief at 7. Based on the following, we reverse the denial of PCRA relief and remand with instructions.

We take the underlying facts and procedural history in this matter from this Court's decision on direct appeal and our independent review of the certified record:

> On February 21, 2014, at approximately 1:45 a.m., [Munford] was a passenger in a Ford Ranger pick-up truck driven by his father when two York City police officers stopped the vehicle for having a suspended registration. As police officers pulled up behind the pick-up truck, the driver got out and walked away from the vehicle toward the officers, saying he lived right across the street. The officers told him several times to get back in the vehicle. As they escorted the driver back to his vehicle, the officers saw [Munford's] head slightly pop up in the passenger seat. They were unable to see his hands until they got around to the front of the vehicle, at which point they saw [Munford] hunched over the front seat with his hands in his lap.
>
> After [Munford] and his father provided the police officers with identification, the officers discovered that the probation and parole department had issued a warrant for [Munford's] detention. The officers arrested and searched [Munford]. In his pockets, [Munford] had $1,000 in cash and two small baggies containing blue pills, later determined to be Methylone (known as "bath salts"), a Schedule I controlled substance. Because the car was unregistered and uninsured, the officers impounded the vehicle and searched it. They discovered a stolen, loaded .357 Magnum revolver underneath the passenger seat where [Munford] had been sitting. A background check revealed [Munford] was a person not permitted to possess firearms.
>
> The Commonwealth charged [Munford] with Person Not to Possess Firearms, [RSP], Firearms Not to be Carried Without a License, and Possession of Controlled Substance by Person Not Registered. [Munford] filed a [m]otion to [s]uppress, which the trial court denied.
>
> A jury trial proceeded, at which the arresting officers testified regarding the events leading up to and including [Munford's]

arrest. They testified that [Munford] was hunched over in the front seat so that they did not even know he was there until they neared the vehicle while returning [Munford's] father to the car. The officer who found the gun testified that it had been pushed "pretty far back" under the passenger seat, and because it was "so shoved back," the gun would have been accessible to the driver only if he were to get out of the car, walk around to the passenger side, and reach under the seat.

[Munford] testified that the truck belonged to his father who used it in his construction business, but that [Munford] registered it in his (Munford's) name because his father had "had problems with his license." Munford further testified that he had been drinking at a bar the night of the incident and had called his father for a ride home. He testified that when police officers stopped the vehicle, he was hunched over the front seat because he "was basically in a relaxed position." [Munford] denied ever seeing the gun, and denied knowing how the gun ended up underneath the passenger seat of the truck.

The jury found [Munford] found guilty of all charges. The court subsequently sentenced [Munford] to an aggregate term of incarceration of 6 years, 3 months to 12 years, 6 months.

Munford timely appealed.

*Commonwealth v. Munford*, 2016 WL 3155101, at ** 1-2 (Pa. Super. Jun. 6, 2016) (unpublished memorandum) (footnote and record citations omitted).

On June 6, 2016, this Court affirmed the judgment of sentence. *Id.* at *1. On December 7, 2016, the Pennsylvania Supreme Court denied leave to appeal. *Commonwealth v. Munford*, 163 A.3d 408 (Pa. 2016).

On March 27, 2017, Munford, acting *pro se*, filed a timely PCRA petition. On March 31, 2017, the PCRA court appointed counsel, who filed an amended PCRA petition on November 14, 2017. The PCRA court held an evidentiary hearing on March 29, 2018.

At the hearing, PCRA counsel withdrew all issues except the alleged ineffectiveness of appellate counsel for failing to raise on appeal issues challenging the trial court's denial of Munford's motion to suppress and the sufficiency of the evidence underlying his conviction for RSP. N.T. PCRA Hearing, 3/29/2018, at 3-4. Munford testified at the hearing that he had requested, in writing, that appellate counsel raise both those issues.[3] *Id.* at 9-10.

Anthony Tambourino, Esquire, who represented Munford on direct appeal, also testified at the hearing. *Id.* at 13. With respect to the issue of failing to challenge the sufficiency of the evidence underlying the receiving stolen property conviction, Mr. Tambourino stated that his general philosophy was to raise any issues he felt might have possible merit in the Rule 1925(b) statement so as to preserve them for appeal but only to raise the strongest issues on appeal. *Id.* at 17. Mr. Tambourino testified that he believed that the evidence was sufficient to sustain the conviction for receiving stolen property because the vehicle in which Munford was a passenger was registered in his name, he constructively possessed the gun, and he made furtive movements in an attempt to conceal the weapon under his seat. *Id.* at 18. On cross-examination, he reiterated that he believed that the evidence demonstrated that the "gun was clearly stolen." *Id.* at 21.

---

[3] Munford has abandoned this issue on appeal. Munford's Brief, at 7.

On July 6, 2018, the PCRA court issued an order and opinion denying Munford's PCRA petition. The instant, timely appeal followed. On August 9, 2018, in response to the PCRA court's order, Munford filed a timely concise statement of errors complained of on appeal. On August 16, 2018, the PCRA court issued an opinion adopting its earlier, July 6, 2018 opinion.

Munford challenges the denial of his PCRA petition. Our standard of review is well settled:

> This Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of record and we do not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. Similarly, [w]e grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. [W]here the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. Finally, we may affirm a PCRA court's decision on any grounds if the record supports it.

***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014) (quotation marks and citations omitted). Furthermore, where, as here, the defendant alleges appellate counsel rendered ineffective assistance, we note:

> [W]e begin with the presumption that counsel is effective. To prevail on an ineffectiveness claim, [a]ppellant must satisfy, by a preponderance of the evidence, the performance and prejudice standard set forth in ***Strickland v. Washington***, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This Court has divided the performance component of ***Strickland*** into two subparts dealing with arguable merit and reasonable strategy. ***Commonwealth v. Baumhammers***, 625 Pa. 354, 92 A.3d 708, 719 (Pa. 2014); ***Commonwealth v. Pierce***, 515 Pa. 153, 527 A.2d 973, 975-77 (Pa. 1987). With regard to "reasonable basis" in the appellate context, "[i]t is well settled that appellate counsel

is entitled, as a matter of strategy, to forego even meritorious issues in favor of issues he believes pose a greater likelihood of success." ***Commonwealth v. Jette***, 611 Pa. 166, 23 A.3d 1032, 1043 (Pa. 2012). ***See also Commonwealth v. Robinson***, 581 Pa. 154, 864 A.2d 460, 479 n.28 (Pa. 2004), *cert denied*, 546 U.S. 983, 126 S.Ct. 559, 163 L.Ed.2d 470 (2005) ("Th[e] process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy.") (quoting ***Smith v. Murray***, 477 U.S. 527, 536, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986). Accord ***Jones v. Barnes***, 463 U.S. 745, 746, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983)) ("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues."). To establish ***Strickland***/***Pierce*** prejudice in the appellate representation context, the petitioner must show that there is a reasonable probability that the outcome of the direct appeal proceeding would have been different but for counsel's deficient performance.

***Commonwealth v. Blakeney***, 108 A.3d 739, 749-750 (Pa. 2014), *cert. denied*, 135 S.Ct. 2817 (2015).

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit . . ." ***Pierce***, ***supra*** at 194. "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." ***Commonwealth v. Taylor***, 933 A.2d 1035, 1042 (Pa. Super. 2007), *appeal denied*, 951 A.2d 1163 (2008) (citation omitted). Here, our review of the applicable law demonstrates that Munford's claim that counsel should have challenged the sufficiency of the evidence underlying his RSP conviction has arguable merit.

When examining a challenge to the sufficiency of the evidence, our standard of review is as follows:

> The determination of whether sufficient evidence exists to support the verdict is a question of law; accordingly, our standard of review is *de novo* and our scope of review is plenary. In assessing [a] sufficiency challenge, we must determine whether viewing all the evidence admitted at trial in the light most favorable to the [Commonwealth], there is sufficient evidence to enable the factfinder to find every element of the crime beyond a reasonable doubt. [T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. . . . [T]he finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part[,] or none of the evidence.

*Commonwealth v. Edwards*, 177 A.3d 963, 969-970 (Pa. Super. 2018) (quotation marks and citations omitted). Moreover, "[t]he Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." *Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa. Super. 2011) (citation omitted), *appeal denied*, 32 A.3d 1275 (Pa. 2011).

The jury found Munford guilty of RSP, which we define as:

> **(a) Offense defined.**—A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner.

18 Pa.C.S.A. § 3925(a). Our Court has described the elements of the crime as follows: (1) intentionally acquiring possession of the movable property of another; (2) with knowledge or belief that it was probably stolen; and (3) the

intent to deprive permanently. ***Commonwealth v. Nero***, 58 A.3d 802, 807 (Pa. Super. 2012) (citation omitted), *appeal denied*, 72 A.3d 602 (Pa. 2013).

Here, Munford argues, "the trial record and PCRA record are devoid of any evidence that [he] knew that the property [was] stolen, or [believed] that it had probably been stolen." Munford's Brief, at 11. With respect to this element, we have stated:

> Importantly, the Legislature expressly defined the required mental state as "knowing" or "believing." Because the Legislature excluded mental states such as recklessness, negligence, or naïveté about the stolen status of the property, those mental states are insufficient. This reasoning is consistent with the common recognition that penal statutes are to be strictly construed. Thus, courts may not hold that a less culpable mental state satisfies a criminal statute where the statute demands proof of the more culpable mental state.

***Commonwealth v. Robinson***, 128 A.3d 261, 265 (Pa. Super. 2015) (*en banc*) (citations omitted).

Thus, it was the Commonwealth's burden to demonstrate either that Munford knew someone had stolen the weapon, or believed that someone had probably stolen it. At trial, the parties stipulated that the gun belonged to Dustin Ayala, who reported it stolen to the West Manchester Police Department on March 30, 2013. N.T. Trial, 7/08/2015, at 109-110, 119-1120. However, the Commonwealth does not point to any direct evidence that **Munford knew** that someone had stolen the handgun. Commonwealth's Brief, at 12-16. Instead, it argues that it produced sufficient circumstantial evidence to show that Munford should have known someone had stolen it. ***Id.***

Specifically, the Commonwealth highlights: (1) that, as a convicted felon, Munford could not legally possess a gun; (2) his furtive movements at the time of the traffic stop and Munford's "hunched over" position; and (3) that the gun was located under the passenger seat of the car. *Id.* at 14, 16. We disagree.

In *Robinson*, *supra*, this Court held that the mere fact that the appellant could not legally possess firearms was not sufficient to sustain a conviction for RSP. *Robinson*, *supra* at 267. Moreover, we stated:

> [l]ikewise, none of the other recognized indicia of knowledge of the stolen nature of the property is present. The handgun in Robinson's possession was located in an unremarkable location (his coat pocket), and it had not been altered in any way to conceal its stolen status, as the manufacturer's serial number remained plainly visible. Robinson's conduct at the time of arrest likewise provided no indicia of guilty knowledge, as he merely stared "stone-faced" in response to Officer Dinger's inquiries, and he did not offer any false explanation for his possession of the handgun or make any effort to flee apprehension. In sum, the Commonwealth introduced no evidence whatsoever at trial regarding how, when, or where Robinson acquired the handgun, or from whom. Instead, the Commonwealth proved only that Robinson possessed stolen property, which, as indicated, by itself is not sufficient to prove guilty knowledge.

*Id.* at 269 (citation omitted).

We discern little difference between the facts in *Robinson*, and those in the present case. The Commonwealth did not offer evidence that anyone had altered the gun in any way or that the serial number was altered or obliterated. Further, with respect to Munford's actions at the traffic stop, the police could not see his hands and did not see him attempt to hide anything,

- 9 -

or attempt to flee. *Munford*, *supra* at *1. To extrapolate that because he could not legally purchase a gun, Munford had knowledge that someone had stolen the gun 11 months earlier is mere conjecture. Thus, because the evidence, or the lack thereof, presented at trial closely resembles the facts in *Robinson*, *supra*, Munford has demonstrated that his claim has arguable merit.

We next examine whether counsel had a reasonable basis for foregoing the sufficiency claim. Our Supreme Court has stated:

> When assessing whether counsel had a reasonable basis for his act or omission, the question is not whether there were other courses of action that counsel could have taken, but whether counsel's decision had any basis reasonably designed to effectuate his client's interest. As the Commonwealth accurately states, this cannot be a hindsight evaluation of counsel's performance, but requires an examination of "whether counsel made an informed choice, which at the time the decision was made reasonably could have been considered to advance and protect [the] defendant's interests." Our evaluation of counsel's performance is "highly deferential."
>
>> [S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.
>
> *Strickland*, 466 U.S. at 690–91, 104 S.Ct. 2052; *see also Commonwealth v. Johnson*, 600 Pa. 329, 966 A.2d 523, 535–

- 10 -

36 (2009) ("The duty to investigate, of course, may include a duty to interview certain potential witnesses; and a prejudicial failure to fulfill this duty, unless pursuant to a reasonable strategic decision, may lead to a finding of ineffective assistance.").

*Commonwealth v. Williams*, 141 A.3d 440, 463 (Pa. 2016) (most citations omitted).

We have held that counsel is permitted to winnow out weaker claims in favor of pursuing claims that counsel believes offer a better chance of relief. *Id.* at 471. "Appellate counsel need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Id.*

Even though counsel testified that PCRA counsel had not given him sufficient notice of the hearing and, therefore, he was unable to review Munford's file, much of his testimony concerned his general philosophy and practice rather than his specific decision-making process in the instant matter. *See* N.T. PCRA Hearing, 3/29/2018 at 14-17.

The sole issue counsel raised on appeal was that Munford did not constructively possess the gun and, therefore, the evidence was insufficient to sustain his conviction for firearm possession. *See Munford*, *supra* at *2. Given that possession was an element of both offenses, if counsel believed that the evidence was insufficient to demonstrate constructive possession for purposes of possessing a firearm, then logically it would have been insufficient for purposes of RSP.

Moreover, counsel stated that he believed that this was not a viable issue because "the reasonable inference that could be drawn is that [Munford] knew it was stolen given that he is a person not to possess and it is a stolen firearm." N.T. PCRA Hearing, 3/29/2018 at 22. This statement falls squarely afoul of our holding in **Robinson**. **See Robinson**, **supra** at 271. Furthermore, handgun transfers between family members do not require a background check and both Munford and his father were in the same vehicle where the gun was found.

Given this, it appears that rather than winnowing claims to raise only the strongest issue, counsel actually raised a weaker issue, as the evidence underlying the weapons charge was actually stronger than the evidence underlying the RSP charge. **See id.**; **see Munford**, **supra** at **2-3. We can discern no reasonable strategic basis for counsel's failure to challenge the sufficiency of the evidence underlying the RSP conviction on direct appeal.

Turning to the final prong, prejudice, the question is whether "there is a reasonable probability that, but for [appellate] counsel's errors, the result of the proceeding would have been different." **Id.** at 465 (citations omitted). Here, as discussed above, based upon our decision in **Robinson**, **supra**, there is a substantial likelihood that the outcome of Munford's appeal would have been different had appellate counsel raised this issue on direct appeal. Had the appeal succeeded, we would have reversed the conviction of RSP and vacated the judgment of sentence. While Munford's sentence for RSP was

shorter than his sentence for possession of a firearm, the trial court imposed it consecutively. *See* Trial Court Opinion, 7/06/2018, at 2. Thus, had the judgment for RSP been vacated, it would have disturbed the overall sentencing scheme and the trial court could have resentenced Munford to a lesser sentence. Thus, Munford has demonstrated that appellate counsel's failure prejudiced him.

Accordingly, we reverse the PCRA court's order denying relief as to Munford's claim regarding direct appeal counsel's ineffectiveness for failing to raise the issue of the sufficiency of the evidence underlying the RSP conviction. Moreover, we direct the PCRA court to reinstate Munford's direct appeal rights *nunc pro tunc* with respect to the sufficiency of the evidence underlying the RSP conviction only, and, if necessary, appoint new counsel for Munford.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/20/2019