J-S27040-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BILLY GATEWOOD | : | |
| | : | |
| Appellant | : | No. 96 EDA 2024 |

Appeal from the PCRA Order Entered December 8, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0633591-1982

BEFORE: LAZARUS, P.J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED DECEMBER 3, 2024**

Appellant, Billy Gatewood, appeals *pro se* from the order entered in the Court of Common Pleas of Philadelphia County, which dismissed his serial petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, without an evidentiary hearing. After a careful review, we affirm.

This Court has previously set forth the relevant facts and procedural history, in part, as follows:

> In 1982, Appellant was convicted of [m]urder in the [s]econd degree, [r]ape, [r]obbery, [b]urglary, and [c]onspiracy[1] [in] the 1979 killing and sexual assault of the seventy-seven-year-old victim. [The trial court sentenced Appellant to life imprisonment for murder followed by additional concurrent terms of incarceration for rape, robbery, and conspiracy.] Appellant's cousin and co-conspirator confessed to

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502(b), 3121, 3701, 3502, and 903, respectively.

the murder and testified against Appellant at his trial.  The cousin testified that, after breaking into the victim's apartment, Appellant raped her and, prior to the killing, both criminals forced a broom handle into the victim's vagina.

Following the exhaustion of his direct appellate rights, Appellant, for [] most of the last quarter century, has been filing and litigating a series of petitions under the PCRA.

*Commonwealth v. Gatewood*, No. 3264 EDA 2017, at *1-2 (Pa.Super. filed 7/9/19) (unpublished memorandum) (footnote added) (footnote omitted).

On or about October 30, 2020, Appellant filed the instant *pro se* PCRA petition, which he amended. On November 3, 2023, the PCRA court provided Appellant with notice of its intent to dismiss the PCRA petition without an evidentiary hearing, and on November 17, 2023, Appellant filed a response to the PCRA court's notice.  On December 8, 2023, the PCRA court dismissed Appellant's PCRA petition, and Appellant filed a timely *pro se* notice of appeal.

Initially, we note:

On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error.  The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review.

*Commonwealth v. Nero*, 58 A.3d 802, 805 (Pa.Super. 2012) (quotation marks and quotations omitted).

Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition.  The most recent amendments to the PCRA, effective January 16, 1996, provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42

- 2 -

Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

*Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa.Super. 2010)

(citations omitted).

[There are] three statutory exceptions to the timeliness provisions in the PCRA [that] allow for the very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petitioner must allege and prove:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at 1079-80 (citing 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii)).

Relevantly, this Court has previously held "Appellant's judgment of sentence became final on March 31, 1985. Thus, Appellant had until April 1, 1986, to file a timely PCRA petition[.]" *Gatewood*, No. 3264 EDA 2017, at *3. Appellant's instant PCRA petition was filed on or about October 30, 2020, and, thus, it is patently untimely. As such, we cannot address the merits of Appellant's PCRA petition unless he meets one of the timeliness exceptions set forth *supra*.

Initially, in determining whether Appellant has alleged and proven one of the timeliness exceptions, we note that his *pro se* brief is confusing. He seems to suggest he is entitled to the newly discovered facts exception set forth in Section 9545(b)(1)(ii). Generally, to qualify for the newly discovered facts exception, petitioners must prove that the facts upon which their claim is based were unknown and could not have been discovered previously through the exercise of due diligence. 42 Pa.C.S.A. § 9545(b)(1)(ii).

Here, Appellant contends his court-appointed defense attorney at trial had a conflict of interest, which rendered him incapable of providing effective assistance. Specifically, he avers that his defense attorney at trial, Attorney Canuso, was also the district attorney who negotiated Appellant's co-conspirator's plea agreement regarding the rape and murder involved herein.

Appellant raised this claim of newly discovered evidence in his previous PCRA petitions, including in his ninth PCRA petition, the denial of which this Court affirmed on July 9, 2019. Specifically, we stated as follows in our decision:

> Appellant alleges his defense attorney at trial, Attorney Canuso, was also the district attorney who negotiated Appellant's cousin and co-conspirator's plea agreement regarding the rape and murder involved therein. **There is some support in the record for this contention.**[3]
>
> ---
>
> 3 Appellant's Exhibit "B" purports to be the timekeeping sheets of his cousin's court-appointed attorney, which make multiple references to "ADA Canuso."
>
> ---
>
> Appellant argues that Attorney Canuso's involvement in this case as an assistant district attorney constitutes a "newly discovered fact."…Appellant's argument is meritless.

- 4 -

Appellant first raised issues about Attorney Canuso's conflict of interest in 2003. Thus, it was certainly not "newly discovered" in 2012 when Appellant filed his petition in the instant matter.

*Gatewood*, No. 3264 EDA 2017, at *5-6 (some footnotes omitted) (emphasis added).

Herein, Appellant recognizes that, in affirming the denial of his ninth PCRA petition, this Court found he did not meet the newly discovered evidence exception; however, he avers that this Court's indication "**[t]here is some support in the record for this contention**," is a "new fact," which warranted an evidentiary hearing regarding the instant PCRA petition. Appellant's Brief at 1 (quoting *Gatewood*, No. 3264 EDA 2017, at *5) (emphasis in original).

We disagree with Appellant's assertion. Simply put, our Supreme Court has held that judicial opinions, even ones which may establish a new theory or method of obtaining relief, do not amount to a new fact within the meaning of the "newly discovered fact" exception to the limitations bar. *Commonwealth v. Reid*, 661 Pa. 207, 235 A.3d 1124 (2020).

Furthermore, we note that, in our previous decision, in indicating "[t]here is some support in the record for this contention," this Court referred to Appellant's Exhibit "B". *Gatewood*, No. 3264 EDA 2017, at *5 n.3. Obviously, Appellant was aware of his Exhibit "B" when he filed his previous

PCRA petition, and, thus, it is certainly not "newly discovered" for purposes of the instant PCRA petition.[2]

Moreover, Appellant contends he has "new" evidence of corrupt police officers and prosecutors. Specifically, he raises a claim of newly discovered evidence based on an article, "Sex for Lies," which was published in *The Philadelphia Inquirer* on July 26, 2021. Appellant highlights that Detective Leon Lubiejewski and ADA John DiDonato were both mentioned in the newspaper article, and they were both involved in his case.

Our Supreme Court has ruled that an allegation of misconduct by a police officer in an unrelated case does not constitute a newly discovered fact

---

[2] We note Appellant suggests he is entitled to the newly recognized constitutional right exception under Section 9545(b)(1)(iii). The newly recognized constitutional right exception requires a petitioner to plead and prove that "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S.A. § 9545(b)(1)(iii).

Here, Appellant specifically claims that this Court's decision in **Gatewood**, No. 3264 EDA 2017, recognized that "[i]n [**Commonwealth v. Burton**, 638 Pa. 687, 158 A.3d 618 (2017)], the Pennsylvania Supreme Court held that incarcerated, *pro se*, PCRA petitioners are not subject to a **presumption** that information that is of public record cannot be 'unknown' for purposes of Section 9545(b)(1)(ii)." **Gatewood**, No. 3264 EDA 2017, at *5 (emphasis in original). He avers that our acknowledgement of the holding in **Burton** meets the exception under 9545(b)(1)(iii). We summarily reject Appellant's claim by noting that, as indicated *supra*, Section 9545(b)(1)(iii) applies to United States Supreme Court and Pennsylvania Supreme Court decisions as opposed to decisions of this Court. Furthermore, there is no indication we recognized a new constitutional right or held it to apply retroactively.

under the PCRA. *See Commonwealth v. Castro*, 625 Pa. 582, 93 A.3d 818, 825-27 (2014). The *Castro* Court explained that a newspaper "article contain[ed] allegations that suggest such evidence *may* exist, but allegations in the media, whether true or false, are no more evidence than allegations in any other out-of-court situation" and generally constitute inadmissible hearsay. *Castro*, *supra*, 93 A.3d at 825 (emphasis added). *See Commonwealth v. Abu-Jamal*, 596 Pa. 219, 941 A.2d 1263, 1269 (2008) (holding that a claim based on inadmissible hearsay does not satisfy the "newly discovered fact" exception). Instead, our Supreme Court determined that the newspaper article merely referenced information which *could* potentially lead the petitioner to discover "facts." *Castro*, *supra*, 93 A.3d at 827. Thus, where a source merely provides a starting point for a defendant to investigate and discover additional sources of new facts, that source does not constitute a newly discovered fact—but *may* simply lead a defendant to a newly discovered fact. *See Commonwealth v. Brown*, 141 A.3d 491, 503 (Pa.Super. 2016).

Here, the PCRA court found Appellant did not meet the newly discovered fact exception. Specifically, the PCRA court reasoned:

> On August 20, 2021, Appellant filed a supplemental PCRA petition, in which he raised a newly discovered fact claim based upon an article entitled "Sex for Lies" that was published in *The Philadelphia Inquirer* on July 26, 2021. Specifically, [Appellant] claims that Detectives [mentioned in the article] coerced the confession of [Appellant's] co-defendant, Ronald Gatewood, who is deceased. The article also mentions ADA John DiDonato, who was the prosecutor in [Appellant's] trial, as the prosecutor in a

- 7 -

case where one of these allegedly coerced cooperation agreements discussed in the article was introduced into evidence. However, neither [Appellant's] case nor that of his co-defendant are mentioned in that article.

***

Here, [Appellant] appears to be attempting to impute the allegations of misconduct by the detectives set forth in the article to his own case, without any supporting evidence therefore. As such, since the article does not raise any new facts with respect to [Appellant's] claim, but rather reiterates claims [Appellant] has previously asserted, his petition does not satisfy the time bar.

PCRA Court Opinion, filed 12/8/23, at 2-3 (footnote omitted).

We agree with the PCRA court's sound reasoning. An allegation of misconduct by a police officer and/or an assistant district attorney in an unrelated case does not constitute a newly discovered fact under the PCRA. **See Castro**, **supra**, 93 A.3d at 826 (noting that "[s]peculation is no more valuable than allegation"). Thus, Appellant's discovery of an allegation of misconduct against a detective and an ADA in an unrelated criminal matter does not constitute "evidence," and instead constitutes inadmissible hearsay, which cannot qualify as newly discovered fact. **See Abu-Jamal**, **supra**, 941 A.2d at 1269. Thus, Appellant failed to identify any "fact" which could satisfy the newly discovered fact exception. **See Commonwealth v. Jones**, No, 250 EDA 2024, 2024 WL 4491621 (Pa.Super. 10/15/24) (unpublished memorandum) (holding where the appellant discovered alleged misconduct committed by a detective in an unrelated case from a newspaper article it was

not evidence but inadmissible hearsay that cannot qualify as a newly discovered fact).[3]

Appellant's petition is facially untimely, and he has not pled and proven one of the enumerated exceptions. "[Thus,] neither this Court nor the [PCRA] court has jurisdiction over this petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa.Super. 2007) (citation omitted). Therefore, we affirm the PCRA court's dismissal of Appellant's instant PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/3/2024

---

[3] ***See*** Pa.R.A.P. 126(b) (unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).