J-S02009-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RAHEEM MANLEY | : | |
| | : | |
| Appellant | : | No. 1020 EDA 2021 |

Appeal from the Judgment of Sentence Entered May 17, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005730-2019,
CP-51-CR-0005731-2019, CP-51-CR-0005732-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RAHEEM MANLEY | : | |
| | : | |
| Appellant | : | No. 1021 EDA 2021 |

Appeal from the Judgment of Sentence Entered May 17, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005730-2019,
CP-51-CR-0005731-2019, CP-51-CR-0005732-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RAHEEM MANLEY | : | |
| | : | |
| Appellant | : | No. 1022 EDA 2021 |

Appeal from the Judgment of Sentence Entered May 17, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005730-2019,

J-S02009-22

CP-51-CR-0005731-2019, CP-51-CR-0005732-2019

BEFORE:  OLSON, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY OLSON, J.:                    **FILED FEBRUARY 8, 2022**

Appellant, Raheem Manley, appeals from the judgment of sentence entered on May 17, 2021.  We affirm.

The trial court ably summarized the underlying facts of this case:

Docket [Number] 5730:  4200 Cottman Avenue

The complainant under docket [CP-51-CR-0005730-2019 (hereinafter "docket number 5730")], A.J., did not testify at trial.  Rather, the parties stipulated that on May 29, 2019, the complainant reported a burglary in her home on 4200 Cottman Avenue.  She further reported that the burglar kicked in her front door and stole at least $1,000 in cash. A.J. did not witness the break-in.  However, A.J.'s mother was present during the burglary and "confronted" the burglar immediately before he fled.  Responding officers recovered surveillance footage from the exterior of the residence, which the Commonwealth introduced at trial.

Detective Steve Burgoon testified that he examined the scene and reviewed the recovered video footage.  He further explained that the video depicted a black man walking up the steps of A.J.['s] residence, "wearing a dark-colored sweatshirt with a white stripe and a yellow handkerchief . . . around his neck."  The video showed that same male running away from the area a few minutes later.

Docket [Number] 5731: 2840 Cottman Avenue

On May 29, 2019, Officer Burgoon investigated a second burglary, which took place at 2840 Cottman Avenue earlier that same day[.  The criminal charges for this burglary were docketed at CP-51-CR-0005731-2019 (hereinafter "docket number 5731")].  The complainant, M.G., who did not testify at trial, reported that the burglar stole Costa Rican currency,

- 2 -

a pair of gold earrings with garnet stones, a gold necklace with garnet stones, and other various personal items.

Officer Burgoon recovered and analyzed surveillance footage from the area of 2800 Cottman Avenue, which the Commonwealth introduced at trial. One recording showed a black male standing outside of M.G.'s home. A different recording, taken from a different angle, showed the same man leaving M.G.'s home a few minutes later. The man depicted in the videos had the same physical stature and wore the exact clothing (a yellow handkerchief tied around his neck and a dark sweatshirt with a white stripe) as the individual in the video recovered from 4200 Cottman Avenue.

Docket [Number] 5732: 5830 Torresdale Avenue[]

Finally, Officer Burgoon investigated a third burglary at 5830 Torresdale Avenue, which also occurred on May 29, 2019[, and which was docketed at CP-51-CR-0005732-2019 (hereinafter "docket number 5732")]. The complainant at this location, M.L., reported that several luxury watches, including a silver Rolex watch with a blue face, cufflinks, and other designer jewelry had been taken from his home. The police did not recover surveillance footage from this location, and M.L. did not testify at trial.

In the days that followed, investigating officers interviewed employees at nearby pawn shops to determine whether anyone had recently sold any of the stolen items. A day or two after the burglaries, Officer Burgoon received a tip that someone was selling high-end watches in [a] separate area of Philadelphia known as "Jeweler's Row." Officer Burgoon canvased the area and recovered a surveillance video from LXY Jewelers, which the Commonwealth introduced at trial. The video showed Appellant inside LXY Jewelers holding a silver watch and speaking with an LXY employee. Based on this video and Officer Burgoon's full investigation at Jeweler's Row, the police developed Appellant as a suspect in all three residential burglaries.

On June 4, 2019, the police arrested Appellant and executed a search warrant for his vehicle and residence at 897 Granite Street in Philadelphia. During their search of Appellant's

home, Officer Burgoon and his team recovered clothing that matched the clothing worn by the burglar in the surveillance videos – specifically, a dark sweatshirt with white insignia, dark sweatpants, and a yellow silk handkerchief/headscarf. Officers also recovered Costa Rican currency, a pair of gold earrings with garnet stones, a gold necklace with multiple garnet stones, a silver Rolex watch with a blue face, a diamond bracelet and necklace set, Rolex cufflinks, and other pieces of designer jewelry.

The police returned the Costa Rican currency and garnet jewelry to M.G., the complainant at 2840 Cottman Avenue, and officers returned the Rolex watch and other designer jewelry to M.L., the complainant on Torresdale Avenue.

Trial Court Opinion, 7/26/21, at 3-5 (citations omitted).

Following a bench trial, the trial court found Appellant guilty of: burglary, criminal trespass, theft by unlawful taking, receiving stolen property, and criminal mischief at docket number 5730;[1] theft by unlawful taking and receiving stolen property at docket number 5731;[2] and, theft by unlawful taking and receiving stolen property at docket number 5732.[3] On May 17, 2021, the trial court sentenced Appellant to serve an aggregate term of two to four years in prison, followed by three years of probation, for his convictions.

After Appellant filed timely notices of appeal, the trial court ordered Appellant to file and serve concise statements of errors complained of on

---

[1] 18 Pa.C.S.A. §§ 3502(a)(1)(i), 3503(a)(1)(ii), 3921(a), 3925, and 3304(a)(2), respectively.

[2] 18 Pa.C.S.A. §§ 3921(a) and 3925(a), respectively.

[3] 18 Pa.C.S.A. §§ 3921(a) and 3925(a), respectively.

appeal at all three docket numbers. Appellant complied and raised the following claims in his concise statements:

[At Docket Number 5730]

1. The evidence introduced at trial and all reasonable inferences derived from the evidentiary record, viewed in the light most favorable to the Commonwealth as verdict winner, is insufficient to establish all elements of Burglary - Overnight Accommodations, Person Present, Bodily Injury Crime - beyond a reasonable doubt, as to [Appellant].

2. The evidence introduced at trial and all reasonable inferences derived from the evidentiary record, viewed in the light most favorable to the Commonwealth as verdict winner, is insufficient to establish all elements of [Criminal Trespass] - Break Into Structure - beyond a reasonable doubt, as to [Appellant].

3. The evidence introduced at trial and all reasonable inferences derived from the evidentiary record, viewed in the light most favorable to the Commonwealth as verdict winner, is insufficient to establish all elements of Theft By Unlaw[ful] Taking - Movable Prop[erty] - beyond a reasonable doubt, as to [Appellant].

4. The evidence introduced at trial and all reasonable inferences derived from the evidentiary record, viewed in the light most favorable to the Commonwealth as verdict winner, is insufficient to establish all elements of Receiving Stolen Property beyond a reasonable doubt. The evidence offered by the Commonwealth failed to establish the ownership of the articles alleged to have been stolen.

5. The evidence introduced at trial and all reasonable inferences derived from the evidentiary record, viewed in the light most favorable to the Commonwealth as verdict winner, is insufficient to establish all elements of [Criminal Mischief] - Tamper W/Property - beyond a reasonable doubt, as to [Appellant].

[At Docket Number 5731]

1. The evidence introduced at trial and all reasonable inferences derived from the evidentiary record, viewed in the light most favorable to the Commonwealth as verdict winner, is insufficient to establish all elements of Theft By Unlaw[ful] Taking - Movable Prop[erty] - beyond a reasonable doubt, as to [Appellant].

2. The evidence introduced at trial and all reasonable inferences derived from the evidentiary record, viewed in the light most favorable to the Commonwealth as verdict winner, is insufficient to establish all elements of Receiving Stolen Property beyond a reasonable doubt. The evidence offered by the Commonwealth failed to establish the ownership of the articles alleged to have been stolen.

[At Docket Number 5732]

1. The evidence introduced at trial and all reasonable inferences derived from the evidentiary record, viewed in the light most favorable to the Commonwealth as verdict winner, is insufficient to establish all elements of Theft By Unlaw[ful] Taking - Movable Prop[erty] - beyond a reasonable doubt, as to [Appellant].

2. The evidence introduced at trial and all reasonable inferences derived from the evidentiary record, viewed in the light most favorable to the Commonwealth as verdict winner, is insufficient to establish all elements of Receiving Stolen Property beyond a reasonable doubt. The evidence offered by the Commonwealth failed to establish the ownership of the articles alleged to have been stolen.

Appellant's Rule 1925(b) Statement at Docket Number 5730, 5/19/21 at 1-2;

Appellant's Rule 1925(b) Statement at Docket Number 5731, 5/19/21 at 1;

Appellant's Rule 1925(b) Statement at Docket Number 5732, 5/19/21 at 1.

Appellant raises the following claims in this consolidated appeal:

In [Docket Number 5730]:

1. Whether the evidence introduced at trial and all reasonable inferences derived from the evidentiary record, viewed in the light most favorable to the Commonwealth as verdict winner, is insufficient to establish all elements of Burglary - Overnight Accommodations, Person Present, Bodily Injury Crime beyond a reasonable doubt, as to [Appellant].

2. Whether the evidence introduced at trial and all reasonable inferences derived from the evidentiary record, viewed in the light most favorable to the Commonwealth as verdict winner, is insufficient to establish all elements of Crim[inal] Tres[pass] - Break Into Structure - beyond a reasonable doubt, as to [Appellant].

3. Whether the evidence introduced at trial and all reasonable inferences derived from the evidentiary record, viewed in the light most favorable to the Commonwealth as verdict winner, is insufficient to establish all elements of Theft By Unlaw[ful] Taking - Movable Prop[erty] - beyond a reasonable doubt, as to [Appellant].

4. Whether the evidence introduced at trial and all reasonable inferences derived from the evidentiary record, viewed in the light most favorable to the Commonwealth as verdict winner, is insufficient to establish all elements of Receiving Stolen Property beyond a reasonable doubt. The evidence offered by the Commonwealth failed to establish the ownership of the articles alleged to have been stolen.

5. Whether the evidence introduced at trial and all reasonable inferences derived from the evidentiary record, viewed in the light most favorable to the Commonwealth as verdict winner, is insufficient to establish all elements of Crim[inal] Misch[ief] - Tamper W/Property - beyond a reasonable doubt, as to [Appellant].


In [Docket Number 5731]:

1. Whether the evidence introduced at trial and all reasonable inferences derived from the evidentiary record, viewed in the light most favorable to the Commonwealth as verdict winner, is insufficient to establish all elements of Theft By Unlaw[ful]

Taking - Movable Prop[erty] - beyond a reasonable doubt, as to [Appellant].

2. Whether the evidence introduced at trial and all reasonable inferences derived from the evidentiary record, viewed in the light most favorable to the Commonwealth as verdict winner, is insufficient to establish all elements of Receiving Stolen Property beyond a reasonable doubt. The evidence offered by the Commonwealth failed to establish the ownership of the articles alleged to have been stolen.

In [Docket Number 5732]:

1. Whether the evidence introduced at trial and all reasonable inferences derived from the evidentiary record, viewed in the light most favorable to the Commonwealth as verdict winner, is insufficient to establish all elements of Theft By Unlaw[ful] Taking - Movable Prop[erty] - beyond a reasonable doubt, as to [Appellant].

2. Whether the evidence introduced at trial and all reasonable inferences derived from the evidentiary record, viewed in the light most favorable to the Commonwealth as verdict winner, is insufficient to establish all elements of Receiving Stolen Property beyond a reasonable doubt. The evidence offered by the Commonwealth failed to establish the ownership of the articles alleged to have been stolen.

Appellant's Brief at 6-8.

Appellant has waived all of his claims on appeal, except for those challenging the sufficiency of his receiving stolen property convictions. As we have held:

If Appellant wants to preserve a claim that the evidence was insufficient, then the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. This Court can then analyze the element or elements on appeal. Where a 1925(b) statement does not specify the allegedly unproven elements, the sufficiency issue is waived on appeal.

- 8 -

*Commonwealth v. Tyack*, 128 A.3d 254, 260 (Pa. Super. 2015) (quotation marks, citations, and corrections omitted).

With the exception of the claims challenging the sufficiency of his receiving stolen property convictions, Appellant's Rule 1925(b) statements simply declared, in boilerplate fashion, that the evidence was insufficient to support his various convictions. These boilerplate claims fail to "specify the element or elements upon which the evidence was insufficient" to support Appellant's convictions and the claims are thus waived on appeal. *See id.*; *see also* Trial Court Opinion, 7/26/21, at 5-8 (explaining that Appellant waived the majority of his claims on appeal, as Appellant's Rule 1925(b) statement "[f]ail[ed] to specifically identify which elements [were] unsupported by the evidence").

Appellant did, however, preserve his sufficiency claims related to his three receiving stolen property convictions. *See*, *e.g.*, Appellant's Rule 1925(b) Statement at Docket Number 5730, 5/19/21 at 1-2 (claiming that the evidence was insufficient to prove Appellant committed the crime of receiving stolen property because the Commonwealth "failed to establish the ownership of the articles alleged to have been stolen"). We review Appellant's sufficiency of the evidence challenges under the following standard:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute

our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Callen*, 198 A.3d 1149, 1167 (Pa. Super. 2018) (citations and quotation marks omitted).

Appellant was convicted of receiving stolen property at all three docket numbers. Receiving stolen property is defined in the following manner:

A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner.

18 Pa.C.S.A. § 3925(a). The term "receiving" "means acquiring possession, control or title, or lending on the security of the property." 18 Pa.C.S.A. § 3925(b). Further, as this Court has summarized:

The elements of receiving stolen property may be stated as: (1) intentionally acquiring possession, control or title, retaining, disposing, or lending on the security of movable property of another; (2) with knowledge or belief that it was probably stolen; and (3) intent to deprive permanently.

*Commonwealth v. Nero*, 58 A.3d 802, 807 (Pa. Super. 2012) (quotation marks and citations omitted).

- 10 -

According to Appellant, the evidence was insufficient to support his receiving stolen property convictions because the Commonwealth "failed to establish the ownership of the articles alleged to have been stolen." ***See*** Appellant's Brief at 21. Appellant claims that, since the Commonwealth "failed to establish the ownership of the articles," the Commonwealth could not "establish that the property was stolen." ***See id.*** at 22. This claim fails. As the trial court explained:

> Here, even in the absence of testimony from the complainants, the circumstantial evidence firmly establishes the complainants' "ownership" of the stolen items and Appellant's unlawful possession of the same. Each victim contacted the police and reported that various pieces of personal property had been stolen from their respective homes, including at least $1,000 in cash (A.J., 4200 Cottman Avenue); Costa Rican currency and gold jewelry with garnet stones (M.G., 2840 Cottman Avenue); and a Rolex watch with a blue face, designer watches, cufflinks, and other jewelry (M.L., Torresdale Avenue). Further, Officer Burgoon testified that after finding the stolen articles in Appellant's residence, the police returned the items "to the owners." Specifically, officers returned Costa Rican currency, garnet jewelry, and other items to M.G., the complainant at 2840 Cottman Avenue; and they returned the Rolex watch and other designer jewelry to M.L., the complainant on Torresdale Avenue. Although detectives did not recover the $1,000 of stolen cash or return it to the complainant under docket 5730, the parties stipulated at trial that the complainant owned the money, she reported it as stolen, and she did not give anyone permission to take it.
>
> In sum, the victims kept the property in their private residences, reported it as stolen, and police returned the allegedly stolen items to the same individuals who reported the theft. Thus, it can be soundly inferred that (1) the victims owned the property in question, and (2) they did not give anyone, including Appellant, permission to take it.

Trial Court Opinion, 7/26/21, at 10 (citations omitted).

We agree with the trial court's able summary and conclude that Appellant's sufficiency of the evidence claims thus fail. ***See also Commonwealth v. Cohan***, 111 A.2d 182, 185 (Pa. Super. 1955) ("[t]hat the property was stolen is an element of the crime which must be proven by the Commonwealth. But the owner is not the only person who can establish it").

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/8/2022